## CIRCUIT COURT OF FAIRFAX COUNTY

Tradeways, Ltd.

v.

General Motors Corp.

June 24, 1991

Case No. (Law) 92151

By JUDGE THOMAS S. KENNY

A week ago Friday, I granted partial summary judgment to the defendant in this case arising under the "lemon law," more formally known as the Virginia Motor Vehicle Warranty Enforcement Act. Va. Code §§ 59.1-207.9 *et seq.* The case involves an automobile that was delivered to plaintiff five months before the lemon law statute was amended to provide that a prevailing plaintiff (or a prevailing defendant in a frivolous action) can recover its attorneys fees, expert witness fees and costs. The problems with the vehicle that gave rise to the lemon law claim occurred several months after the amendment took effect.

The issue on which I granted summary judgment was whether the July 1, 1988, amendment would apply to this case. I ruled that the amendment would not apply and dismissed the claim for attorneys' fees in the case. Tradeways' counsel, Mr. Lane, has asked me to reconsider.

After reviewing the authorities submitted by Mr. Lane and considering the arguments of counsel made last Friday, I am of the opinion that my earlier ruling in this matter is correct and that attorneys' fees are not allowed in this case.

I believe that the cause of action arises under this statute when the defective car is delivered. *See* Section 59.1-207.131(E) (Repl. Vol. 1987), which commences

the statute of limitations upon delivery. It is the *right* of action which does not arise until after the defect is discovered and not cured.[1]

If the cause of action arises on delivery, then the court must still determine whether the addition of a provision for attorneys' fees affects only the *remedy* available to the parties, rather than a substantive right. Counsel for Tradeways has cited a number of cases that stand for the proposition that statutory changes affecting remedies will be given effect even if the cause of action has accrued, while substantive changes will not; they urge me to find that an award of attorneys' fees falls into the remedial category.

At first blush, there is merit to the argument. The 1988 amendments which give rise to the attorneys' fees claims do not couch the issue as one of "damages" to be awarded, but lump such fees together with expert witness fees and court costs as items to be awarded to the prevailing party, whether plaintiff or defendant. Nevertheless, counsel has been able to give me no authority for the argument that such an award only affects a remedy, and I find it difficult to believe that a provision which so dramatically increases the loss exposure to each party is not substantive in nature and effect. This is not simply a matter of the legislature varying the statute of limitations within which a claim must be filed; the costs and fees added by this amendment may themselves far exceed the value of the car itself. In the absence of compelling language to the contrary in the statute or its history, I am not prepared to give this amendment retrospective effect.

---

[1] While the UCC provisions dealing with the accrual of causes of action under warranties may have some value as an analogy, they are not controlling, because this is not a warranty action, but a separate statutory claim. Even if this were a sale-of-goods case and the warranty provisions of the UCC controlled, the "future performance" exception set out in Section 8.2-725(2) would not apply where the warranty is limited to repair or replacement of parts, and the remedy sought is complete rescission of the transaction. Luddeke v. Amana Refrigeration, Inc., 239 Va. 203 (1990).

The previous ruling granting the defendant's motion for partial summary judgment is left standing.[2]

---

[2] Since the attorneys' fees in question are apparently not an item of damages to be determined by the trier of fact but are rather to be set by the court as it deems them to be "reasonable," each party should probably proffer evidence of their fees and costs to the trial court for purposes of preserving a claim to them on appeal should this ruling be reversed.