# Robert G. Mahony, et al.

## v.

# Paul G. Becker

Record No. 921697

September 17, 1993

Present: All the Justices

*Daniel L. Robey* for appellant.
*F. Andrew Carroll, III (Land, Clark, Carroll & Mendelson*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this action for damages brought by parents arising from the alleged sexual abuse of their daughter, we consider whether the trial court correctly decided that the action was time-barred.

On June 2, 1992, appellants Robert G. Mahony and Margaret L. Mahony sued appellee Paul G. Becker for compensatory and punitive damages allegedly resulting from certain conduct of the defendant involving the plaintiffs' daughter. Defendant filed a grounds of defense denying the material allegations of the motion for judgment. He also filed requests for admission and a motion for summary judgment asserting, *inter alia*, that the "statutes of limitations regarding Plaintiffs' claims have expired."

After the plaintiffs responded to the requests for admission, the trial court held a hearing and considered the pleadings, the responses, and argument of counsel on the motion for summary judgment. Stating "that Defendant's motion should be granted insofar as the Plaintiffs' claims are barred by the statute of limitations," the court dismissed the action. We awarded plaintiffs an appeal from the September 1992 final order.

The motion for judgment, as supplemented by the responses to requests for admission, sets forth the following allegations. The plaintiffs assert that during "the period beginning 1974 and continuing through 1978," defendant "committed multiple acts of assault and battery" upon their daughter, who was born in January 1969. The plaintiffs allege that defendant's conduct included acts of "fondling and physical touching" of the daughter "in a sexual manner."

Continuing, the plaintiffs assert that on May 20, 1991, the daughter "first disclosed to the Plaintiffs the conduct of the Defendant . . . and disclosed that the said conduct had caused her severe, physical, emotional and psychological distress and disorder." (The parties agree that the motion for judgment contains the erroneous date, 1992.)

Additionally, the plaintiffs allege that beginning on May 20, 1991, "and continuing up to the present time," they "have suffered great mental and emotional injury, anguish and distress, and have incurred, and will continue to incur medical and psychological expenses for the treatment of" their daughter, "all as a direct and proximate result of the acts of the Defendant described above." Also, plaintiffs assert that the "conduct of the Defendant . . . was intentional and outrageous, and subjected the Plaintiffs to severe and intentional emotional distress, as a result of which the Plaintiffs have suffered extreme physical and mental anguish, injury and distress."

■ Initially, we observe that the motion for judgment is vague and indefinite about the precise basis of the cause of action for emotional distress the plaintiffs are asserting; the plaintiffs' appellate briefs and argument are equally imprecise. In addition to a claim for reimbursement of medical expenses, the plaintiffs are alleging either that defendant's conduct was directed to the daughter, as the result of which they have suffered emotional damages, or that defendant's conduct targeted them directly, resulting in their emotional damages. In either event, we express no opinion on the question whether the plaintiffs have any cause of action for intentional infliction of emotional distress under either theory, because those issues were not decided by the trial court and are not before us on appeal.

The more reasonable interpretation of the plaintiffs' allegations, however, is that they seek emotional damages because of defendant's conduct directed to the daughter. In their motion for judgment, the plaintiffs assert that, beginning on May 20, 1991, they suffered mental and emotional injury and distress "all as a direct and proximate result of the acts of the Defendant described above." And the acts "described above" are the alleged "multiple acts of assault and battery" upon the daughter. Accordingly, we will assume but not decide that a cause of action exists in Virginia for vicarious emotional injury suffered by parents as the result of sexual abuse of their minor child, and we will proceed to address only the statute of limitations issue.

On appeal, the plaintiffs argue that the statute of limitations for their cause of action for intentional infliction of emotional distress is two years, citing Code § 8.01-243(A) ("every action for personal injuries, whatever the theory of recovery, . . . shall be brought within two years after the cause of action accrues"). *See Luddeke* v. *Amana Refrigeration, Inc.*, 239 Va. 203, 207, 387 S.E.2d 502, 504 (1990) (finding two-year statute of limitations applicable to claim for intentional infliction of emotional distress). The plaintiffs say, however, that the "real question in the case concerns the time when the two year statute of limitations began to run."

The plaintiffs maintain that their cause of action is separate and not derivative of their daughter's cause of action for assault and battery. Thus, they contend, their cause of action did not accrue at the same time as their daughter's but accrued on May 20, 1991, making their action filed in June 1992 timely and the trial court's ruling to the contrary erroneous. We do not agree.

The plaintiffs' allegations in their motion for judgment clearly demonstrate that any cause of action they may have is derivative of their daughter's claim. A derivative claim is one having no origin in itself, but one owing its existence to a preceding claim. *Black's Law Dictionary* 443 (6th ed. 1990). As the defendant argues, the plaintiffs have no viable theory of recovery but for their assertions that their daughter was the victim of an intentional tort committed by the defendant. As we have said, the motion for judgment describes the basis of their claim as the multiple acts of sexual battery upon the daughter between 1974 and 1978. This is the conduct that the plaintiffs contend caused them emotional injury and required them to expend approximately $10,000 in medical expenses. Manifestly, any injury or damages they have suffered are secondary to and arise from the tortious acts committed against their daughter. *See Bulala* v. *Boyd*, 239 Va. 218, 230, 389 S.E.2d 670, 676 (1990) (any claim father may have for emotional distress as the result of injury to child "wholly derivative" of the child's claim); *Speet* v. *Bacaj*, 237 Va. 290, 298, 377 S.E.2d 397, 401 (1989) (any claim of parents for emotional distress caused by injuries negligently inflicted on child during birth process "wholly derivative" of child's claim); *Norfolk S. Ry.* v. *Fincham*, 213 Va. 122, 128, 189 S.E.2d 380, 384 (1972) (parent's cause of action for medical and incidental expenses as the result of injury to child "a derivative action").

■ Because the parents' purported claim is derivative, it accrued at the same time as the daughter's claim, that is, during the period 1974-78; it did not accrue in May 1991 when the parents first learned of the alleged tort against their child. Generally, a "cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . . and not when the resulting damage is discovered." Code § 8.01-230. Any cause of action for intentional infliction of emotional distress "accrues and the time limitation begins to run when the tort is committed." *Luddeke*, 239 Va. at 207, 387 S.E.2d at 504. Thus, the plaintiffs' purported claim, derivative of the daughter's claim, accrued at the latest in 1978 when the daughter allegedly was injured, some 14 years before this action was filed.

■ And, the plaintiffs may not take advantage of the tolling provisions of Code § 8.01-249(6) (cause of action for injury to the person resulting from sexual abuse occurring during infancy generally deemed to accrue when fact of the injury and its causal connection to the abuse first communicated). This provision deals with claims of only the victim of the abuse, not with derivative claims. *See also Starnes* v. *Cayouette*, 244 Va. 202, 419 S.E.2d 669 (1992) (retroactive application of § 8.01-249(6) violates a defendant's due process guarantees).

■ Finally, the plaintiffs' action is not saved by the disability tolling provisions of Code § 8.01-229(A)(2)(a) (when infant entitled to bring action, time during which infant is within age of minority generally not counted as any part of the period within which action must be brought). Even if the statute applies to claims of a child's parents, *but see Perez* v. *Espinola*, 749 F. Supp. 732 (E.D. Va. 1990), the accrual of the cause of action would have been the date of the daughter's 18th birthday, January 1987, and the 1992 action for emotional damages is still untimely. The same result ensues if the parents can take advantage of the five-year limitation of Code § 8.01-243(B) in their claim for reimbursement of medical expenses. The statute of limitations for these expenses would have expired in January 1992, five months before this action was filed.

Accordingly, we hold that the trial court correctly decided that this action was time-barred. The judgment below will be

*Affirmed.*