**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MILDRED A. MILLER-JACKSON; ANN
HOLCOMB; BRENDA SMITH,
<u>Plaintiffs-Appellants,</u>

v.

THE MEAD CORPORATION; MOORE
U.S.A., a Delaware Corporation,

No. 97-1891

<u>Defendants-Appellees,</u>

and

APPELTON PAPERS INCORPORATED, a
Delaware Corporation; HOWARD
PRESS, INCORPORATED,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-94-2032-JFM, CA-94-2047-JFM, CA-94-2048-JFM)

Submitted: February 10, 1998

Decided: February 27, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Albert C. Flanders, Michael R. Hugo, Samuel M. Pollack, LAW
OFFICES OF HUGO & POLLACK, Boston, Massachusetts; Michael

Pretl, ASHCRAFT & GEREL, Baltimore, Maryland, for Appellants. John B. Isbister, Scott Patrick Burns, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland; Joseph D. Rasnek, Michelle S. Hydrusko, CARPENTER, BENNETT & MORRISSEY, Newark, New Jersey, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mildred Miller-Jackson, Ann Holcomb, and Brenda Smith (the Appellants), appeal the dismissal of their claims against several paper manufacturers for damages allegedly resulting from their occupational exposure to the manufacturers' carbonless copy paper (CCP) over a period of several years. The Appellants claim that CCP caused them to become multiple chemical sensitive (MCS), and they seek recovery under theories of negligence, breach of warranty, and strict liability. The district court held that the Appellants' claims against the manufacturers were barred by Virginia's two-year statute of limitations on actions for personal injuries. Finding no error in the ruling by the district court, we affirm.

The Appellants are Virginia residents who began working with CCP in the 1980's while employed by the former Chesapeake & Potomac Telephone Company (C&P), now Bell Atlantic. After a few years of working with CCP, the Appellants experienced frequent sinus problems, fatigue, and other health complaints. After consulting numerous health care professionals, the Appellants were finally diagnosed with MCS in early 1992. The Appellants filed suit in Virginia state court in July 1993; however, their claims were "nonsuited" or voluntarily dismissed without prejudice in 1994, shortly before this action was filed in federal court. The only issue on appeal is whether the Appellants' claims accrued when they were diagnosed with MCS,

2

within the limitations period to file suit, or when they manifested their various health problems which, according to the medical evidence in the record, occurred more than two years before the Appellants filed suit.

The Virginia statute of limitations for personal injuries provides, in pertinent part, that "every action for personal injuries, whatever the theory of recovery, . . . shall be brought within two years after the cause of action accrues."[1] Moreover, a cause of action accrues on the date an injury actually is sustained,[2] and Virginia construes "injury" to mean "a positive, physical or mental hurt."[3] Therefore, a cause of action can accrue before all the damage resulting from a disease manifests itself, because it is the onset of the disease itself that triggers the running of the limitation period.[4]

While the Appellants attempt to characterize MCS as separate and distinct from their other various health complaints, rather than a progressive stage of their exposure to CCP, their argument is without merit. Virginia adheres to the theory that in an action for personal injury, there is only a single indivisible cause of action;[5] therefore, the Appellants' cause of action against the paper manufacturers accrued when they first developed their various health complaints, however slight, as a consequence of their exposure to CCP. [6] Accordingly, the Appellants' complaint seeking damages from the paper manufacturers was not timely filed and was properly dismissed by the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[1] **See** VA. CODE ANN. § 8.01-243(A) (Michie 1992).

[2] **See** VA. CODE ANN. § 8.01-230 (Michie1992).

[3] **See Nunnally v. Artis**, 492 S.E.2d 126, 128 (Va. 1997) (quoting Locke v. Johns-Manville Corp., 275 S.E.2d 900, 904 (Va. 1981)).

[4] **See Locke**, 275 S.E.2d at 905.

[5] **See Mahony v. Becker**, 435 S.E.2d 139, 140-41 (Va. 1993).

[6] **See Locke**, 275 S.E.2d at 904-05.