## CIRCUIT COURT OF FAIRFAX COUNTY

Helen Parker-Smith

v.

STO Corp. et al.

December 3, 1999

Case No. (Law) 173954

BY JUDGE JANE MARUM ROUSH

This matter came before the Court on November 19, 1999, upon Defendant STO Corporation's Demurrer, Motion for Summary Judgment, and Pleas in Bar to counts I, VI, VII, and VIII of the Second Amended Motion for Judgment. At the conclusion of the hearing, the Court entered an order (i) sustaining STO's Plea in Bar as to Count VI; (ii) overruling STO's Demurrer to Count VI; (iii) sustaining STO's Demurrer to Counts VII and VIII; and (iv) granting STO's Motion for Summary Judgment as to Counts VII and VIII. Finally, the Court took under advisement STO's "Demurrer, Plea in Bar, and/or Motion for Summary Judgment" to Count I. For the reasons stated below, the Court has entered an order granting STO's Motion for Summary Judgment in part and sustaining STO's Plea in Bar to Count I.

This suit was commenced on August 12, 1998, when plaintiff Helen Parker-Smith filed her motion for judgment alleging, among other things, that the defendant STO Corporation ("STO") breached its express warranty related to artificial stucco known as External Insulation Finish System ("EIFS") manufactured by STO and applied to Ms. Parker-Smith's house when it was built in 1991-1992. STO warranted that the EIFS, if properly applied, would be free from defects in material for a period of seven years. STO's warranty further provided, in pertinent part:

STO shall not be responsible for incidental or consequential damages as such terms are defined in Section 2-715 of the Uniform Commercial Code, . . . regardless of cause. STO's sole responsibility and liability under this warranty shall be to supply replacement materials and labor for any STO product warranted shown to be defective hereunder within seven years from the date of STO's original invoice to STO's supplier, distributor, contractor, applicator or owner, as the case may be. This is the sole remedy under this warranty to the purchaser, or other person or entity claiming under this warranty, which shall include the owner of the structure to which the STO materials were applied, as the end user of the STO products.

The remaining facts of the case are fully set forth in the Second Amended Motion for Judgment and the briefs of the parties and will not be repeated here.

STO argues first that the limitation period provided by the warranty has expired. The warranty is dated March 11, 1992. STO argues in its written pleadings that Plaintiff had seven years (the duration of the express warranty) to file "a proper claim under the Warranty." STO argues that Ms. Parker-Smith did not file a "proper claim" within the seven-year warranty period. STO maintains that because Ms. Parker-Smith has not asked for the remedy provided by the warranty, "replacement material and labor," she has "bypass[ed] the remedies available under the Warranty and in so doing fail[ed] to properly assert a proper claim thereunder." STO further argued at the hearing on its Plea in Bar that Plaintiff's claims, given the remedies she seeks, are barred by the four-year statute of limitations of Va. Code § 8.2-725.

STO relies on *Luddeke v. Amana Refrigeration*, 239 Va. 203 (1990), in support of its Plea in Bar. The plaintiffs in *Luddeke* purchased a refrigeration system from Amana. Amana provided a warranty limited to a "free replacement part . . . for any part found defective." Five years after the system was delivered and accepted, the Luddekes filed suit seeking rescission and damages, remedies not available under the express warranty. The Court assumed for the purposes of the case that Amana's agreement to "replace" a defective part was a warranty of future performance and that the Luddekes had four years after Amana's failure to replace the refrigeration system to bring suit under Va. Code § 8.2-725. Nevertheless, the Supreme Court affirmed the trial court's dismissal of the plaintiffs' claims as time barred. The Court noted that the plaintiffs' "bill of complaint contained no prayer to enforce the limited warranties." Furthermore, "[b]ecause the Luddekes failed to allege a breach of the express warranties given in this case, we uphold the trial court's ruling

that the future-performance exception to the four-year time limitation was inapplicable to count one of the bill of complaint." *Id.* at 207. Therefore, the four-year statute of limitations began to run upon tender of delivery in 1982 and had expired by 1987 when suit was filed.

In this case, as in *Luddeke*, the Plaintiff's Second Amended Motion for Judgment contains no request to enforce the sole remedy provided by STO's limited warranty: replacement materials and labor. STO concedes that Ms. Parker-Smith could have brought an action seeking replacement materials and labor for seven years from March 11, 1992. This suit was brought within that seven-year time period. Nevertheless, instead of asking for the only remedy permitted by STO's warranty, the Plaintiff seeks the costs of demolishing and rebuilding the house. Because the remedy Plaintiff seeks is not one contained in the warranty, the Court finds that the Plaintiff's claims for breach of warranty are time barred. Accordingly, the Court sustains the Defendant's Plea in Bar to Count I.

Plaintiff argues that the exclusion of consequential damages from the scope of the remedy contained in STO's warranty causes the warranty to fail of its essential purpose. Ms. Parker-Smith claims that replacement EIFS would be useless to her in that the infrastructure of the house is too rotted to support stucco. The Plaintiff cites *Envirotech Corp. v. Halco Engineering, Inc.*, 234 Va. 583 (1988), for the proposition that "a disclaimer which causes a warranty to fail of its essential purpose is unconscionable" and therefore unenforceable. The Plaintiff misreads *Envirotech*. The court in that case stated that the "failure of the essential purpose of the limited remedy" does *not* automatically result in "abrogation of the consequential damages disclaimer." *Id.* at 593. Whether the essential purpose of the limited warranty has failed and whether the exclusion of consequential damages as a remedy is unconscionable are separate and independent inquiries. Thus, even if the limited warranty fails in its essential purpose, an exclusion of consequential damages is enforceable if not unconscionable.

Plaintiff correctly states that an exclusion of consequential damages may be unconscionable where there is "grossly unequal bargaining power at the time the contract is formed." *Id.* at 593. Nevertheless, the Court finds that the exclusion of consequential damages in this case is not unconscionable. The warranty ran to many others besides Ms. Parker-Smith. It included the suppliers, the distributor, the contractor, the builder, the original owner of the house, and any subsequent owners of the house, such as the Plaintiff. It was for a period of seven years. STO correctly points out that its warranty, although limited in remedies to "replacement materials and labor," ran to a broad group of users of EIFS and for a long period of time. Plaintiff does not

contend that, *at the time the contract was formed,* there was grossly unequal bargaining power between STO and the various beneficiaries of the warranty.

I note that the order entered on November 19, 1999, does not reflect all of the Court's rulings from the bench. I denied STO's motion for summary judgment based on STO's contentions that (i) the EIFS was misapplied, thus voiding the warranty, and (ii) Ms. Parker-Smith had not given proper notice of her claim under the warranty. I found that the question of whether EIFS was misapplied was an issue for trial and that the warranty did not include a notice requirement. Accordingly, I denied in part STO's Motion for Summary Judgment on Count I.

## Order

This matter came before the Court on November 19, 1999, on Defendant STO Corporation's "Demurrer, Plea in Bar, and/or Motion for Summary Judgment" to Count I. For the reasons stated in the Court's opinion letter of December 3, 1999, it is hereby ordered that Defendant's Motion for Summary Judgment based on STO's argument that misapplication of the product voided the warranty and that Plaintiff failed to give proper notice of her claim is denied, and it is further ordered that Defendant's Plea in Bar that Count I is barred by the applicable statute of limitations is sustained and Count I is dismissed.