# CIRCUIT COURT OF LOUDOUN COUNTY

Michael Gilmore
and Kathy Gilmore

v.

Richard E. Fifield,
t/a Fifield Design
Construction

April 22, 2003

Case No. (Law) 28373

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on April 4, 2003, for argument on the Plea in Bar filed by the Defendant, Richard E. Fifield, t/a Fifield Design Construction, to the Motion for Judgment filed by the Plaintiffs, Michael Gilmore and Kathy Gilmore, alleging breach of contract and breach of warranty under a contract for the construction of a residence by Fifield for the Gilmores.

The Plea in Bar is overruled as hereinafter explained.

During argument, counsel agreed that for purposes of deciding the Plea in Bar, I could accept as true the facts as alleged in the Plea in Bar and in the Plaintiff's Opposition to Defendant's Plea in Bar.

In January 2001, the parties entered into the subject contract attached as Exhibit A to the Motion for Judgment. Under the contract, Fifield was to construct a residence for the Gilmores on a lot in Dobbins Creek Hamlet, Lovettsville, Virginia. The provisions of the contract relevant to the Plea in Bar are as follows:

15. Final payment: Upon substantial completion, a list of deficiencies (punch list) will be created and agreed upon by all parties of the contract. The owner agrees not to alter or add to the list after it is agreed upon. Substantial Completion shall occur when the Certificate of Occupancy is issued by the County and/or occupancy by Owner. *Client shall not occupy dwelling until all arrangements for final payment to Builder have been completed.* Occupancy of dwelling by client shall assume acceptance for use as intended. Punch list items requiring repair, repainting, adjustment, or cleaning of any constructed or installed item shall not be cause for delay of final payment, but rather shall be considered warranty items.

Fifield Design Construction warranties its work and that of its chosen subcontractors to be free of defects in material and workmanship for a period of one year from substantial completion. Certain equipment, material, and fixtures may carry a longer manufacturer's warranty; please consult specific literature.

The house was substantially completed, and the Gilmores moved into the house on August 23, 2001, with Fifield's consent. Thereafter, a dispute arose over Fifield's performance of the contract and how much he was owed by the Gilmores under the contract.

Fifield filed a warrant in debt against the Gilmores in the Loudoun County General District Court in December 2001. Fifield filed a Bill of Particulars, and the Gilmores filed an Answer and Grounds of Defense to the Bill of Particulars.

It is clear from the Bill of Particulars that Fifield sued the Gilmores for final payment under the contract. He alleged that the final amount owed was $9,489.21. The Gilmores in their Answer and Grounds of Defense asserted various defenses to final payment. The defenses (together with the specific paragraph of the Answer and Grounds of Defense shown in parentheses) included the following:

1. An agreement on a list of deficiencies is a condition of payment (¶ 4);

2. Fifield has refused to address numerous unresolved deficiencies (¶ 5);

3. Fifield rejected out-of-hand without explanation many punch list items (¶ 8);

4. Fifield refused to perform work clearly provided for in the plans and paid for by the Gilmores (¶ 8);

5. The agreement between the parties as to the deficiencies in the punch list was a condition precedent to final payment (¶ 12);

6. Fifield failed to construct the house in a good and workmanlike manner (¶ 15);

7. Fifield expressly refused to perform corrective work as required by the contract whether or not he was paid in full (¶ 15); and

8. Deficiencies involving the hardwood floor (¶ 9), the granite counter top (¶ 10), and screen doors and phone jacks (¶ 11).

The Gilmores filed no counterclaim in the General District Court.

The matter came on for trial in the Loudoun General District Court in April 2002. During the trial, the parties settled. The Gilmores tendered a check to Fifield in the amount of $7,730.00. When Fifield's counsel sought to clarify the scope of the settlement, the judge indicated that she understood it to run to all matters raised in the Bill of Particulars and the Answer and Grounds of Defense. Neither party took any exception to what the judge said. There is no written settlement or release agreement. The check contained no notation which indicated a settlement or accord and satisfaction.

On January 30, 2003, the Gilmores filed their Motion for Judgment for breach of contract and breach of warranty against Fifield and Fifield Design and Construction, Inc. A demurrer of the corporation to four of the eight counts involving it was sustained, and the corporation was dismissed with prejudice as a party defendant by an agreed order entered March 7, 2003.

The remaining four counts involve claims labeled as breach of contract (Counts I, III, and V) and breach of warranty (Count VII). The claims are categorized as either defects in the work or uncompleted work.

Fifield asserts in his Plea in Bar that the matters raised in the Motion for Judgment have all been resolved by accord and satisfaction and that the Gilmores' warranty claims are barred by the one-year provision of the contract. I do not entirely agree with Fifield.

*Accord and Satisfaction*

In the first ground of his Plea in Bar Fifield asserts that "the matters between him and the Gilmores have been resolved by accord and satisfaction." I interpret this to mean that Fifield takes the position that the Gilmores cannot assert the claims in their Motion for Judgment because such claims were settled by the parties when the Gilmores tendered, and he accepted, their check for $7,730.00 to settle the earlier litigation in the General District Court.

Accord and satisfaction is a method of discharging a contract or settling a cause of action by substituting for such contract or cause of action an

agreement for the satisfaction thereof and an execution of such substituted agreement. The new agreement is the "accord" and the discharge is the "satisfaction." *See* 1A, M.J., *Accord and Satisfaction*, § 1.

The Gilmores argue that there are not sufficient facts to give rise to a defense of accord and satisfaction. They assert that the common law defense of accord and satisfaction has been codified in Va. Code § 8.3A-311. I do not agree. Va. Code § 8.3A-311 only applies to an accord and satisfaction achieved by the use of a negotiable instrument. An accord and satisfaction can be effected by a means other than a negotiable instrument. I do not think that the General Assembly intended by enacting § 8.3A-311 to limit the defense of accord and satisfaction to situations where it was achieved by the use of a negotiable instrument. The General Assembly did not repeal the statute that has been in effect for many years that provides that part performance of an obligation expressly accepted in satisfaction of an agreement extinguishes the obligation. Va. Code § 11-12.

Va. Code § 8.3A-311 does appear to apply in this case because a check, a negotiable instrument, was used to effect the settlement of the General District Court litigation. However, a close reading of the statute demonstrates that it does not apply. Va. Code § 8.3A-311 applies only when a person against whom a claim is asserted proves that that person tendered a negotiable instrument to the claimant as full satisfaction of the claim. Here, the person against whom a claim is asserted, Fifield, did not tender the negotiable instrument as satisfaction of the claim. The negotiable instrument was tendered by the claimant, the Gilmores. Therefore, I find that Va. Code § 8.3A-311 does not apply, and any argument by the Gilmores that Fifield has not proven compliance with the statute so as to effect an accord and satisfaction is not relevant.

The Gilmores also argue that the subject of this case is the alleged defective work and work not performed and the cost to correct the defects and complete the work. They go further and argue that the earlier General District Court litigation concerned only what the Gilmores owed Fifield under the contract, which is not the subject of this litigation. I do not agree with the Gilmores.

Fifield clearly sued the Gilmores in the General District Court for the final payment. The Gilmores chose not to file a counterclaim against Fifield for defective and incomplete work but decided to defend against Fifield's claim on the grounds set forth above in their Answer and Grounds of Defense. Their defenses included defective and incomplete work. I do not think that the Gilmores can assert defective and incomplete work as a defense to Fifield's

claim for final payment under the contract, settle Fifield's claim, and then sue Fifield for damages for the same defective and incomplete work.

This case could be easily resolved based on the foregoing if, when Fifield sued the Gilmores for final payment, the time for Fifield to have completely performed under the contract had expired. But the contract clearly contemplates that Fifield would have additional obligations under the contract for punch list and warranty items after he was entitled to the final payment. Also, as discussed in more detail below, the one-year warranty period had not expired when Fifield sued for the final payment. The General District Court trial commenced in April 2002. The one-year warranty period did not expire until August 23, 2002. The Gilmores could not be expected to assert as a defense to final payment a defect covered by the warranty discovered after the trial commenced and before August 23, 2002.

I am unable to correlate a specific defense asserted by the Gilmores in the General District Court to a specific claim in their Motion for Judgment in this case. I cannot tell from the pleadings whether a claim relates to a punch list item or a warranty item.

A plea in bar is a defensive pleading which asserts a single state of facts or circumstances which, if proven, constitutes an absolute defense to the claim. *Nelms v. Nelms*, 236 Va. 281, 289 (1988).

I cannot find from the facts presented that the claims asserted by the Gilmores in their Motion for Judgment are all barred by an accord and satisfaction. The parties clearly settled more than just Fifield's claim to final payment in the earlier General District Court litigation, but I cannot determine the extent of the settlement by this Plea in Bar.

The Plea in Bar must, therefore, be denied; however, this denial does not preclude Fifield from asserting as a ground of defense to any specific claim of the Gilmores in this case that such claim was compromised and settled in the General District Court. As stated previously, the Gilmores cannot assert any specific defective and/or incomplete work as a defense to Fifield's claim for final payment under the contract, settle with Fifield, and then sue Fifield for damages for such defective and/or incomplete work.

### One Year Warranty Period

Fifield argues that his warranty that his work is free from defects in material and workmanship for a period of one year from substantial completion means that the Gilmores must have filed suit on any claim under the warranty within the one-year period. I do not agree.

The one-year period referred to in the contract is not an agreement to limit the time within which suit must be brought for breach of warranty to one year from substantial completion. It is an agreement that Fifield would be liable for any breach of the warranty occurring for a period ending one year after substantial completion.

The parties agreed that substantial completion occurred when the Gilmores moved into the house on August 23, 2001. Therefore, Fifield is liable for a breach of the warranty occurring within a period of one year from August 23, 2001.

I do not construe the correspondence of the Gilmores' prior counsel attached to the Plea in Bar to be an admission that the contract imposes a one-year limitation for filing suit for a breach of warranty.

The warranty claims asserted in the Motion for Judgment are not time barred because the applicable statute of limitations is the five-year limitation of Va. Code § 8.01-246(2) (actions on a contract in writing).

Fifield cites *Luddeke v. Amana Refrigeration, Inc.*, 239 Va. 203 (1990), as authority for suit having to be filed within the one-year warranty period recited in the contract. *Luddeke* is not on point. It did not concern the interpretation of warranty period language. It is a Uniform Commercial Code case. *Luddeke* was decided based upon the U.C.C. provisions relating to when a breach of warranty occurs and the applicable period within which suit must be brought.

Fifield also cited *Coker v. State Farm Fire & Casualty Co.*, 45 Va. Cir. 510 (Fairfax 1998) (per Klein, J.). While I agree with Judge Klein that the parties to a contract may agree to a shorter period of limitation on litigation than the law provides, the one-year warranty period language of the contract in this case does not concern the period within which suit must be filed. *Coker* does not apply here.

The Plea in Bar is overruled on the one-year warranty period ground.