# CIRCUIT COURT OF FAIRFAX COUNTY

Fred L. Thomas et al.

v.

Renaissance Housing
Corp., Inc., et al.

June 10, 2003

Case No. (Law) 201557

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before the Court on May 23, 2003, on Defendants Renaissance of Great Falls West, Inc., and Renaissance Housing Corp.'s (collectively "RHC") Motion to Strike Plaintiffs' Equitable Estoppel Claims. Having considered the pleadings and arguments presented by the parties, I grant Defendants' Motion to Strike.

The following facts relevant to the present motion are undisputed. The parties executed a new home sales contract on April 16, 1991, under which RHC was to build the Thomases' home. RHC completed construction and the parties closed on October 22, 1991. The Thomases subsequently discovered defects allegedly associated with the synthetic stucco cladding and filed suit against RHC on January 29, 2002. The Thomases' original Motion for Judgment asserted claims for actual and constructive fraud, violation of the Virginia Consumer Protection Act, false advertising, and breach of express warranty flowing from RHC's use of a synthetic stucco product on the Thomases' home. At present, the only counts remaining against RHC are fraud and constructive fraud. RHC timely answered and asserted that the fraud and constructive fraud claims are time barred.

The Thomases responded that RHC was precluded from asserting any time bar to the fraud and constructive fraud counts under the doctrine of equitable estoppel. The Thomases claim that RHC actively concealed what they allege are "inherent defects" in the synthetic stucco product at issue and falsely reassured them that the product was maintainable. Thus, claim the Thomases, RHC is estopped from asserting any limitations defense.

RHC's present motion to strike is premised on the fact that the Thomases have not pleaded any material misstatements directed to the limitations period as part of their equitable estoppel claim. RHC cites no authority for their position that such failure renders the claim infirm.

At oral argument, I asked the Thomases' counsel to proffer their evidence in support of an equitable estoppel claim. The Thomases' counsel reiterated the allegations contained in its Memorandum in Opposition to RHC's Motion to Strike, to wit, that RHC told the Thomases their house would be clad with "stucco;" that RHC never indicated that it would use synthetic stucco; that, after closing on the home, RHC performed moisture inspections and assured the Thomases that all they had to do was caulk the stucco to maintain its waterproof quality; that RHC knew that the synthetic stucco was not waterproof; that the Thomases inquired by letter whether RHC would re-clad their home at no cost and that RHC avoided the issue; and that the Thomases performed an independent moisture inspection which revealed elevated moisture readings in their home. See generally Plaintiffs' Memorandum in Opposition. The basis of the Thomases' claim is that, had RHC informed them that RHC had clad their home with synthetic stucco and not later assured them that the synthetic stucco was serviceable, they would have taken earlier action. *Id.*

Based on such proffer, I find that the Thomases have failed to state a valid equitable estoppel claim. The elements necessary to establish equitable estoppel absent a showing of fraud are a representation, reliance, a change of position, and detriment. *Luddeke v. Amana Refrigeration*, 239 Va. 203, 208, 387 S.E.2d 502 (1990) (quoting *T. v. T.*, 216 Va. 867, 873, 224 S.E.2d 148, 152 (1976)). In the alternative, under *Boykins Corp. v. Weldon, Inc.*, a party seeking to invoke the doctrine of equitable estoppel must prove by clear, precise, and unequivocal evidence the following elements: (1) a material fact was falsely represented or concealed; (2) the representation or concealment was made with knowledge of the facts; (3) the party to whom the representation was made was ignorant of the truth of the matter; (4) the representation was made with the intention that the other party should act

upon it; (5) the other party was induced to act upon it; and (6) the party claiming estoppel was misled to his injury. 221 Va. 81, 81, 266 S.E.2d 887 (1980).

The Thomases' claim fails under either test because the Thomases have not pleaded any material misstatements directed to the limitations period. The doctrine of equitable estoppel prevents a defendant from "lulling his adversary into a false sense of security, and thereby causing his adversary to subject his claim to the bar of the statute [of limitations], and then being permitted to plead the very delay caused by his course of conduct as a defense to the action when brought." *Barry ν. Donnelly*, 781 F.2d 1040, 1042 (4th Cir. 1986) (applying Virginia law). *Barry* suggests that the "lulling" refers to application of the statute of limitations and then pleading the statute of limitations defense. Accord *Luddeke*, 239 Va. at 208 (affirming a circuit court's denial of an equitable estoppel claim where the only evidence before the trial court tending to show that the respondents had lulled the complainants into inaction was plaintiff's testimony that defendant's agent led plaintiff to believe that defendant was "working on taking care of the problem" and that "very likely … they would replace the system."), and *Westminster Invest Corp. v. Lamps Unltd.*, 237 Va. 543, 379 S.E.2d 316 (1989) (evidence that landlord gave "continued assurances that it would take appropriate measures" to correct continuing breaches of lease was insufficient to estop landlord from pleading statute of limitations). I find that reasoning compelling.

Here, the Thomases offer the same statements in support of their equitable estoppel claims and their fraud claims. They assert that RHC knew the synthetic stucco product was defective and made false statements to the contrary with the intent that the Thomases rely on those statements. The Thomases have made no allegation that RHC made any misstatements related

---

[1] But see *City of Bedford*, where the Fourth Circuit stated in dicta, "while the Virginia courts have not considered the question, it seems clear that the principle of estoppel may be applicable where a vendor claims that defects in non-complying goods can be corrected and attempts to do so. *Nowell v. Great Atlantic & Pacific Tea Co.* (1959), 250 N.C. 575, 108 S.E.2d 889, and *Styron v. Loman-Garrett Supply Co.* (1969), 6 N.C. App. 675, 171 S.E.2d 41. This follows because such conduct may lead the injured party to reasonably believe that it will receive satisfaction without resort to litigation." *City of Bedford v. James Leffel & Co.*, 558 F.2d 216 (4th Cir. 1977). The *City of Bedford* Court found that equitable estoppel applied where a seller made repeated attempts to repair faulty machinery and explicitly assured buyer that there was no need to resort to litigation. However, even in *City of Bedford* the alleged misstatements related to plaintiff's delay in filing suit.

to the applicable limitations periods. Based on the pleadings before the Court, no communications between the parties after closing on the home indicate that RHC told the Thomases that RHC would remedy the alleged problem. In fact, RHC specifically declined to remedy the problem when asked. RHC did nothing to discourage the Thomases from pursuing their legal rights. If equitable estoppel applies here, as the Thomases assert, then a properly pleaded fraud claim would never be barred by the limitations period under equitable estoppel principles. This cannot be. To establish equitable estoppel, the Thomases must demonstrate that RHC did or said something that discouraged them from filing suit until it was too late. *See Boykins*, 221 Va. at 84-85. The Thomases have not done so. Thus, they have not properly pleaded a valid equitable estoppel claim and are not entitled to assert equitable estoppel claims as a matter of law.

## Order

This cause came before the Court on the Defendant Renaissance of Great Falls West, Inc.'s and Renaissance Housing Corp.'s Motion to Strike Plaintiff's Equitable Estoppel claims, and it appearing to the Court for reasons stated in the Court's opinion letter dated June 10, 2003, that Defendant Renaissance of Great Falls West, Inc.'s and Renaissance Housing Corp.'s Motion to Strike Plaintiff's Equitable Estoppel claims is well taken, it is therefore ordered that Defendant Renaissance of Great Falls West, Inc.'s and Renaissance Housing Corp.'s Motion to Strike Plaintiff's Equitable Estoppel claims is hereby granted, and it is further ordered that Plaintiffs' objections to this ruling are hereby preserved, and this cause is continued.