# Richmond

FAITH BISSELL V. COMMONWEALTH OF VIRGINIA.

October 14, 1957.

Record No. 4716.

Present, All the Justices.

The opinion states the case.

*Edmund D. Campbell* (*Karl G. Sorg*, on brief), for the plaintiff in error.

*C. F. Hicks, Assistant Attorney General* (*J. Lindsay Almond, Jr., Attorney General*, on brief), for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

■ Faith Bissell was arrested, tried and convicted in the County Court of Arlington County on a warrant which read:

"Commonwealth of Virginia, Arlington County, to-wit:

"To the Sheriff or any Peace Officer of the said County:

"WHEREAS Major Fawver of the said County, has this day made complaint and information on oath before me, the undersigned Special Justice for the said County, that Faith Bissell did, on the 1st day of November, 1956, in said county fail, while in a Public Assemblage at Thomas Jefferson Junior High School in Arlington County, to take and occupy the seat assigned to her by an usher and failed to obey the request of such usher as aforesaid and failed to obey the request of Major Fawver Arlington County Police to change her seat as the occasion required. Unlawfully and against the peace and dignity of the COMMONWEALTH. These are, therefore, in the name of the COMMONWEALTH OF VIRGINIA, to command you forthwith to apprehend and bring before the Judge of the County Court the body of the said defendant named above to answer the said complaint, and to be further dealt with according to law, and to summon the witness named on the back hereof to appear on the next day following the arrest.

"Given under my hand and seal this 1st day of Nov., 1956.

"Eugene C. Adkins, Special Justice."

A fine of $15.00 was assessed against the defendant; an appeal from this judgment was had to the circuit court; whereupon, at the request of the defendant and with the consent of the court and the Commonwealth, the court heard the case without the intervention of a jury. Upon this hearing an order was entered finding the defendant guilty "as charged in the warrant" and imposing a fine of $15.00, from which order we granted a writ of error.

After the evidence had been presented in the circuit court, the defendant moved to strike the evidence and to dismiss or quash the warrant, upon the ground that sections 18-327[1] and 18-328,[2] Code of

---

[1] "§ 18-327. DUTY TO SEPARATE RACES AT PUBLIC ASSEMBLAGE.— Every person, firm, institution or corporation operating, maintaining, keeping, conducting, sponsoring or permitting any public hall, theatre, opera house, motion picture show or any place of public entertainment or public assemblage which is attended by both white and colored persons shall separate the white race and the colored race and shall set apart and designate in each such public hall, theatre, opera house, motion picture show or place of public entertainment or place of public assemblage certain seats therein to be occupied by white persons and a portion thereof, or certain seats therein, to be occupied by colored persons and any such person, firm, institution or corporation that shall fail, refuse or neglect to comply with the pro-

Virginia, 1950, were unconstitutional in that they violated the First and Fourteenth Amendments to the Constitution of the United States.

While the circuit court, in dealing with this motion, sustained the constitutionality of the statutes, in our view of the record it was not necessary to pass upon the constitutional question for the reason that the warrant of arrest fails to charge a crime. As will be seen from the face of the warrant it nowhere indicates the race or color of the defendant; it does not allege that the defendant, in violation of Code, § 18-328, had failed to take and occupy a seat assigned to her under the provisions of § 18-327; nor does it allege that in these or any other respects the conduct of the defendant violated § 18-328. In fact, the warrant fails to allege any offense prohibited either at common law or by statute. While in this jurisdiction the same particularity is not required in warrants of arrest as is required in formal indictments, they must, nevertheless, point out the offense for which the defendant is to stand trial. *Old* v. *Commonwealth*, 18 Gratt. (59 Va.) 915, 930; *Lacey* v. *Palmer*, 93 Va. 159, 173, 24 S. E. 930, 57 Am. St. Rep. 795, 31 L. R. A. 822; *Commonwealth* v. *Doss*, 159 Va. 968, 167 S. E. 371; *Smith* v. *Commonwealth*, 160 Va. 943, 169 S. E. 550; 19 M. J., Warrants, § 3, p. 550.

The defendant did not testify nor did she introduce witnesses in

visions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than one hundred dollars nor more than five hundred dollars for each offense. (1926, p. 945; Michie Code, 1942, § 1796a.)"

2 "§ 18-328. FAILURE TO TAKE SPACE ASSIGNED IN PURSUANCE OF PRECEDING SECTION.—Any person who fails, while in any public hall, theatre, opera house, motion picture show or place of public entertainment or public assemblage, to take and occupy the seat or other space assigned to them in pursuance of the provisions of the preceding section by the manager, usher or other person in charge of such public hall, theatre, opera house, motion picture show or place of public entertainment or public assemblage or whose duty is to take up tickets or collect the admission from the guests therein, or who shall fail to obey the request of such manager, usher or other person, as aforesaid, to change his seat from time to time as occasion requires, in order that the preceding section may be complied with, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than ten dollars nor more than twenty-five dollars for each offense. Furthermore, such person may be ejected from such public hall, theatre, opera house, motion picture show or other place of public entertainment or public assemblage by any manager, usher or ticket taker, or other person in charge of such public hall, theatre, opera house, motion picture show or place of public entertainment or public assemblage, or by a police officer or any other conservator of the peace, and if such person ejected shall have paid admission into such public hall, theatre, opera house, motion picture show or other place of public entertainment or public assemblage, he shall not be entitled to a return of any part of the same. (1926, p 946; Michie Code 1942, § 1796b.)"

her behalf. Five witnesses were introduced by the Commonwealth, none of whom was questioned regarding the race or color of the defendant. Thus, according to the record before us, the race or color of the defendant was neither alleged in the warrant nor proved by the evidence.

In appellate proceedings this court sits to review and correct errors of trial courts, and in exercising this jurisdiction we are limited to the record of the proceedings which have taken place in the trial court and have been there settled and certified to us. *U. S. Mineral Co.* v. *Camden,* 106 Va. 663, 666, 56 S. E. 561, 117 Am. St. Rep. 1028; *Ward* v. *Charlton,* 177 Va. 101, 107, 12 S. E. 2d 791; 1 M. J., Appeal and Error, § 189, p. 619.

It was conceded in argument before us that the defendant's conduct on this occasion was for the purpose of testing the constitutionality of §§ 18-327 and 18-328.

█ It was urged on her behalf that this court disregard the manifest invalidity of the proceedings and the lack of proof, and decide the constitutional question regardless. This we must decline to do.

One of the most firmly established doctrines in the field of constitutional law is that a court will pass upon the constitutionality of a statute only when it is necessary to the determination of the merits of the case. This principle is recognized by appellate courts generally. *Wood* v. *Quillin,* 167 Va. 255, 260, 261, 188 S. E. 216; *Commonwealth* v. *Doss, supra;* 4 M. J., Constitutional Law, § 60, pp. 150, 151; *Ohio River & W. Ry. Co.* v. *Dittey,* 232 U. S. 576, 58 L. ed. 737, 34 S. Ct. 372; *Spector Motor Service, Inc.* v. *McLaughlin,* 323 U. S. 101, 104, 65 S. Ct. 152, 89 L. ed. 101; 11 Am. Jur., Constitutional Law, § 93, p. 720 and cases cited under Footnote 1 page 721.

For the reasons stated the judgment of conviction is reversed and the warrant dismissed. (§ 19-261, Code, 1950)

*Reversed and dismissed.*