PRESENT:  Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Lacy, S.J.

NANCY HAYNES

OPINION BY
v.  Record No. 150666                       JUSTICE S. BERNARD GOODWYN
April 21, 2016
SEAN ARTHUR HAGGERTY,
F/K/A SUSAN A. HAGGERTY

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

In this appeal, we consider whether the circuit court erred in granting a plea in bar of the statute of limitations in a civil action concerning alleged sexual abuse that occurred between 1971 and 1975.

BACKGROUND

On April 25, 2014, Nancy Haynes (Haynes) filed suit in the Circuit Court of Spotsylvania County against Sean Arthur Haggerty (Haggerty), seeking damages for sexual assault and battery, aggravated sexual assault and battery and intentional infliction of emotional distress. The complaint alleged that Haggerty, an adult, had a sexual relationship with Haynes from 1971 through 1975, while Haynes was a minor.  Haynes reached the age of majority in March 1975. Haynes claimed that on May 14, 2012, her therapist was the first mental health or medical professional to diagnose her with Dysthemic Disorder and to inform her that this ailment was a result of sexual abuse inflicted upon her during her infancy by Haggerty.

On May 19, 2014, Haggerty filed a plea in bar asserting that the suit was barred by the applicable statute of limitations.  On January 15, 2015, the circuit court issued a letter opinion sustaining the plea in bar.  The circuit court noted that the statute of limitations applicable in 1975 had expired before the passage of Code § 8.01-249(6), which now provides that causes of action based on childhood sexual abuse accrue when the fact of the injury and its causal

connection to the abuse is first communicated to the person by a licensed physician, psychologist or clinical psychologist. The circuit court reasoned that the application of Code § 8.01-249(6) in this case, to revive an expired statute of limitations, deprived Haggerty of due process and a property right to a statute of limitations defense in violation of Amendment XIV of the Constitution of the United States (Fourteenth Amendment), because of the length of time that had passed since the abuse had taken place and Haynes had reached the age of majority. The court concluded,

> Plaintiff's <u>extremely</u> protracted failure to act though being fully aware of Defendant's sexual misconduct — even in the absence of a specific causal connection to her current psychological diagnosis — so egregiously undermined the Defendant's constitutional rights to due process and deprivation of property as to require this Court to sustain Defendant's Plea in Bar.

(Emphasis in original.)

Subsequently, having found Code § 8.01-249(6) to be inapplicable in this instance, the circuit court entered a final order granting Haggerty's plea in bar of the statute of limitations and dismissing Haynes' suit with prejudice. Haynes appeals.

ANALYSIS

We review the circuit court's decision on a plea in bar of the statute of limitations de novo. <u>Van Dam v. Gay</u>, 280 Va. 457, 460, 699 S.E.2d 480, 481 (2010). Code § 8.01-249 presently states, in relevant part,

> The cause of action in the actions herein listed shall be deemed to accrue as follows:
>
> . . . .
>
> 6. In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incapacity of the person, upon the later of the removal of the disability of infancy or incapacity as provided in § 8.01-229 or when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist.

2

The circuit court held that the application of this provision in this case would be unconstitutional because it would violate Haggerty's due process rights and deprive him of a vested property right to a statute of limitations defense.

Haynes argues that the circuit court erred in holding that the retroactive application of Code § 8.01-249(6) in this case would be unconstitutional. Haggerty responds that the circuit court was correct. Further, Haggerty asserts that even if application of Code § 8.01-249(6) is not constitutionally prohibited, this Court should uphold the circuit court's decision using the right result for the wrong reason doctrine. Haggerty asserts that, by statute, Code § 8.01-249(6) does not apply to causes of action that existed before October 1, 1977. Therefore, Haggerty claims that the circuit court did not err in ruling that the statute of limitations laws that existed in 1975 govern this suit and that, as a result, the suit is time-barred.

In instances where a trial court's decision is correct, but its reasoning is incorrect, and the record supports the correct reason, we uphold the judgment pursuant to the right result for the wrong reason doctrine. Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010). This Court may uphold a judgment even when the correct reasoning is not mentioned by a party in trial argument or by the trial court in its decision, as long as the record contains sufficient information to support the proper reason. Id. ("[A]n appellate court's examination is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling. Rather, an appellate court must consider all the evidence admitted at trial that is contained in the record." (citation and internal quotation marks omitted)).

In order to avoid reaching the question concerning the constitutionality of Code § 8.01-249(6) unless it is necessary to resolve this appeal, we will first consider Haggerty's right result for the wrong reason argument. See Klarfield v. Salsbury, 233 Va. 277, 286, 355 S.E.2d 319,

3

324 (1987) ("Firmly established in the field of constitutional law is the doctrine that a court will not rule upon the constitutionality of a statute unless such a determination is absolutely necessary to the decision of the case on the merits."); Bissell v. Commonwealth, 199 Va. 397, 400, 100 S.E.2d 1, 3 (1957) ("One of the most firmly established doctrines in the field of constitutional law is that a court will pass upon the constitutionality of a statute only when it is necessary to the determination of the merits of the case. This principle is recognized by appellate courts generally."); Commonwealth v. Doss, 159 Va. 968, 974, 167 S.E. 371, 374 (1933) ("Courts do not pass upon the constitutionality of statutes unless they must."). Assuming without deciding that the circuit court provided an erroneous rationale for its ruling, we must determine whether, statutorily, Code § 8.01-249(6) is applicable in this case.

Code § 8.01-249 is included in Chapter 4 of Title 8.01. Chapter 4 also includes Code § 8.01-256. Code § 8.01-256 states, in relevant part,

> If a cause of action, as to which no action, suit, scire facias, or other proceeding is pending, exists before October 1, 1977, then this chapter shall not apply and the limitation as to such cause of action shall be the same, if any, as would apply had this chapter not been enacted.

A cause of action exists when a plaintiff is injured as a result of tortious action, "and the injury need only be slight; it is immaterial that more substantial damage may occur at a later date." McHenry v. Adams, 248 Va. 238, 243, 448 S.E.2d 390, 393 (1994); see also Mahony v. Becker, 246 Va. 209, 213, 435 S.E.2d 139, 141 (1993) ("Any cause of action for intentional infliction of emotional distress accrues and the time limitation begins to run when the tort is committed." (citation and internal quotation marks omitted)).

The alleged abuse in this case began in 1971 and continued through the end of Haynes' infancy. While Haynes was not diagnosed with Dysthemic Disorder until 2012, the sexual abuse she suffered as a child inherently caused her injury when it occurred. See Starnes v. Cayouette,

4

244 Va. 202, 206-07, 419 S.E.2d 669, 671 (1992) (in cases of childhood sexual abuse, "the infant plaintiff [suffers] an injury in that she experience[s] positive, physical or mental hurt each time [the abusing party commits] a wrongful act against her and her right of action accrue[s] on that date" (citation and internal quotation marks omitted)). Therefore, the causes of action raised in this suit concerning activities that took place from the alleged inception of the relationship in 1971 up through the date of her birthday in March 1975 accrued when each unlawful contact occurred, and the limitations period governing these claims was tolled by the predecessor of Code § 8.01-229 until Haynes reached the age of majority in March 1975. The limitations period on those claims began to run at that point and expired two years later on her birthday in March 1977. Former Code § 8-24 (Cum. Supp. 1975); former Code §§ 8-24, -30 (1957 Repl. Vol.).

Thus, Haynes' causes of action all existed before the effective date of Title 8.01 on October 1, 1977, and pursuant to Code § 8.01-256, the statutes of limitations for those causes of action are the same as if Code § 8.01-249 had not been enacted. Therefore, Code § 8.01-249(6) does not apply to Haynes' claims, and the circuit court did not err in granting Haggerty's plea in bar of the statute of limitations.

CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court granting the plea in bar of the statute of limitations.

Affirmed.

5