UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, Decker and AtLee
Argued at Richmond, Virginia

THOMAS SYDNEY TURNER

MEMORANDUM OPINION* BY
v.      Record No. 0826-17-2      JUDGE TERESA M. CHAFIN
APRIL 17, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Gregory L. Rupe, Judge

Lauren Whitley, Deputy Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Thomas Sydney Turner was convicted of failing to re-register as a person convicted of a

sexually violent offense in violation of Code §§ 9.01-902 and 18.2-472.1(B). On appeal, he

contends the evidence failed to establish that he was previously convicted of a sexually violent

offense, and therefore in violation of Code § 18.2-472.1(B). For the reasons that follow, we affirm

the decision of the trial court.

Background

On January 18, 2004 in Idaho, Turner, then twenty-one years of age, was convicted of

"sexual abuse of a child under the age of 16," pursuant to Idaho Code § 18-1506. As a result of

this conviction, he was ordered to "register as a sex offender with the State of Idaho." Turner

moved to Virginia from Idaho in 2016. On March 3, 2016, Turner registered as a sex offender at

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Virginia State Police ("VSP") headquarters. At that time, he acknowledged in writing that when VSP classified his Idaho conviction as non-violent or violent, he would be notified.

A March 15, 2016 letter from VSP informed Turner that his Idaho offense had been classified as "sexually violent." The letter was returned unclaimed. On March 25, 2016, Turner appeared at VSP headquarters to register a change of address. During that visit, Turner acknowledged in writing that he had been classified by VSP as a sexually violent offender and that he would be required to re-register every ninety days pursuant to Code § 9.1-904(A).

Turner returned to VSP headquarters on March 29, 2016 to register another change of address. He once more signed an acknowledgement that he was classified as a sexually violent offender required to re-register every ninety days.

On May 25, 2016, Turner visited VSP headquarters to re-register in advance of his June 1, 2016 re-registration date. He also reported a change of employment that day. Again, Turner acknowledged in writing his classification as a sexually violent offender.

Turner was notified by certified letter of his next re-registration date deadline, which was August 30, 2016. He signed the form letter with his re-registration information on August 23, 2016, but it was not received by the Sex Offender & Crimes Against Minors Registry ("the Registry") until September 7, 2016. VSP Trooper Tim Hall began his investigation at that time.

On October 27, 2016, Trooper Hall met with Turner. Turner stated that he was unsure of the re-registration deadline, but indicated that he had re-registered. Hall indicated to Turner that the Registry records revealed that Turner called the registry on August 11, 2016 to ask about the re-registration deadline, and he was told that his re-registration date was August 30. Turner replied that he believed he only had to re-register "once or twice a year" and that he had been classified as a "non-violent offender" in Idaho. Turner was arrested for failing to re-register as a violent sex offender.

At trial, Turner's counsel objected to the sufficiency of the evidence, contending that the Commonwealth failed to prove that Turner's Idaho conviction was "similar" to a Virginia crime constituting a sexually violent offense. Counsel argued that the Idaho statute was broad and covered several offenses that would not be considered sexually violent in Virginia. Counsel further contended that the Commonwealth failed to state on which section of the Virginia Code Turner's classification was founded. In response, the Commonwealth argued that the Idaho sexual assault of a child statute was similar to Virginia's aggravated sexual battery statute, and that aggravated sexual battery was listed as a sexually violent offense pursuant to Code § 9.1-902(E).

The trial court agreed with the Commonwealth and concluded that the Idaho statute was substantially similar to a violent sexual offense in Virginia. The trial court convicted Turner of the charged offense, and this appeal followed.

Analysis

On appeal, Turner asserts that the evidence at trial was insufficient because the Commonwealth did not prove beyond a reasonable doubt that he was convicted of a sexually violent offense as required by Code § 18.2-472.1(B). Turner further argues that without proof of a sexually violent offense, he was in compliance with the Registry because he had registered annually as a non-violent offender. See Code § 9.1-904(A). For the following reasons, we affirm the decision of the trial court.

The sole issue presented on appeal is whether Turner was required to re-register as a violent sex offender every ninety days pursuant to Code § 9.1-904(A). This is a question of law that involves the interpretation and application of Code § 9.1-902 and Code § 18.2-472.1. Therefore, we review the trial court's judgment *de novo*. Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006).

While we endeavor to discern the "true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature," Tyszcenko v. Donatelli, 53 Va. App. 209, 216, 670 S.E.2d 49, 53 (2008) (quoting Colbert, 47 Va. App. at 394, 624 S.E.2d at 110), we typically rely solely on the words used in the statute to evidence that intent, Va. Cellular LLC v. Va. Dep't of Taxation, 276 Va. 486, 490, 666 S.E.2d 374, 376 (2008).

The General Assembly enacted the Sex Offender and Crimes Against Minors Registry Act ("the Act") expressly to "assist the efforts of law-enforcement agencies and others to protect their communities and families from repeat sex offenders and to protect children from becoming victims of criminal offenders by helping to prevent such individuals from being allowed to work directly with children." Code § 9.1-900. See also Colbert, 47 Va. App. at 395-96, 624 S.E.2d at 111. In order to further the objective of protecting the citizens of Virginia from sexual predators, the General Assembly decreed that the provisions in the Act are to be "liberally construed to effect the purposes hereof." Code § 9.1-920. Depending on whether the offense is classified as sexually violent, failure to register as required is a Class 1 misdemeanor or a Class 6 felony. See Code § 18.2-472.1(A)-(B).

Turner relies heavily on Johnson v. Commonwealth, 53 Va. App. 608, 674 S.E.2d 541 (2009), to support his argument. We find that Johnson is not applicable in this case. The defendant in Johnson was not required to register as a sex offender where he was convicted in North Carolina. Therefore, the court had to determine whether the statute under which the defendant was convicted was similar to a Virginia offense listed in Code § 9.1-902(E). In this case, however, Turner was required to register as a sex offender in Idaho, and thus, Code § 9.1-902(F) applies.

Per Code § 9.1-902(F), a "'sexually violent offense' as defined in this section . . . includes . . . *any offense* for which registration in a sex offender and crimes against minors registry is required under the laws of the jurisdiction where the offender was convicted." (Emphasis added). "When the language in a statute is clear and unambiguous, [this Court] appl[ies] the statute according to its plain language." Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006) (citing HCA Health Servs. v. Levin, 260 Va. 215, 220, 530 S.E.2d 417, 419-20 (2000)). Likewise, "[w]hen the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language." Lee Cty. v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002) (citing Indus. Dev. Auth. v. Bd. of Supervisors, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002)). The language of Code § 9.1-902(F) is clear that if a person is convicted in another jurisdiction of an offense requiring them to register on a sex offender and crimes against minors registry, Virginia classifies them as a sexually violent offender. Therefore, they are required to re-register every ninety days pursuant to Code § 9.1-904(A).

Turner's Idaho conviction order was entered into evidence at trial without objection. The order proved that Turner was convicted of sexual battery of a child age sixteen or under. He was, therefore, required to "register as a sex offender with the state of Idaho." Turner acknowledged that he was, in fact, a registered sex offender in Idaho. Upon his first registration with VSP, Turner again acknowledged in writing that he had been convicted of an offense that required him "to be placed on the Sex Offender and Crimes Against Minors Registry in the jurisdiction of [his] conviction."

Turner was advised by letter on March 15, 2016 that his Idaho conviction had been classified by VSP as a sexually violent offense. He was therefore required to re-register every ninety days. Turner did not receive the letter, but he was advised of his classification as a

sexually violent offender in person when he appeared at VSP on March 25, 2016. He also acknowledged his classification in writing on that date. After March 25, 2016, all VSP documents signed by Turner have the words "VIOLENT SEX OFFENDER" in all capital letters at the top of the page.

On March 29, 2016, Turner appeared in person at VSP headquarters and acknowledged in writing that he had been classified as a violent sex offender and was required to re-register every ninety days. On May 25, 2016, Turner visited VSP headquarters for his June 1, 2016 re-registration and again, signed an acknowledgement that he had been classified as a violent sex offender.

Turner's next re-registration deadline was August 30, 2016, a date of which he was notified by certified letter. He signed the re-registration form letter on August 23, 2016. However, the Registry did not receive the form letter until September 7, 2016. Turner knowingly failed to re-register as a violent sex offender on or before August 30, 2016. Therefore, Turner was properly convicted under Code § 18.2-472.1(B), which provides

> Any person convicted of a sexually violent offense or murder, as
> defined in [Code] § 9.1-902, who knowingly fails to register or
> reregister, or who knowingly provides materially false information
> to the Sex Offender and Crimes Against Minors Registry is guilty
> of a Class 6 felony.

The trial court's ruling mirrored Turner's arguments at trial in finding that the Idaho statute "is a substantially similar statute as to what [Virginia has] for violent sexual offense." We find that the trial court erred in relying on the substantial similarity of the Virginia and Idaho statutes in making its decision. Pursuant to the plain language of Code § 9.1-902(F), since Turner was convicted of an offense in another jurisdiction – in this case, Idaho – that required registry on the Sex Offender and Crimes Against Minors Registry, he was classified as a violent sexual offender in Virginia. A substantial similarity analysis is not necessary. However, the

right result was ultimately reached in this case. "In instances where a trial court's decision is correct, but its reasoning is incorrect, and the record supports the correct reason, [the court will] uphold the judgment pursuant to the right result for the wrong reason doctrine." Haynes v. Haggerty, 291 Va. 301, 305, 784 S.E.2d 293, 294 (2016). See also Rives v. Commonwealth, 284 Va. 1, 3, 726 S.E.2d 248, 250 (2012) (applying "right result for the wrong reason" doctrine where the only issue was one of statutory interpretation). The record in this case supports a finding that Turner knowingly failed to re-register as a violent sex offender within the ninety days required. Therefore, the trial court properly found Turner guilty of violating Code § 18.2-472.1.

Conclusion

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.