UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges O'Brien, AtLee and Malveaux
Argued at Norfolk, Virginia


THOMAS E. MORRIS, ET AL.

                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1700-22-1          JUDGE MARY GRACE O'BRIEN
                                        JANUARY 23, 2024
ANTHONY HEATH PARKER, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Douglas E. Kahle (Basnight, Kinser, Leftwich & Nuckolls, P.C., on
briefs), for appellants.

Mark R. Baumgartner (Kristen R. Jurjevich; Pender & Coward, P.C.,
on brief), for appellees.


Thomas and Karen Morris appeal a final order that denied their claim for an implied

easement over a right of way allegedly abutting their property and that refused to enjoin their

neighbors, Anthony and Donna Parker, from interfering with their use of the purported easement.

The Morrises argue the court misapplied the law of implied easements by requiring proof of

necessity and prior use of the right of way. The Morrises also contend the court erred by

ignoring evidence that their right to use the easement was created "pursuant to the deeds and

recorded plats and surveys appearing in their chain of title." For the following reasons, we

affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

In October 1998, the Morrises acquired a tract of land in Chesapeake consisting of two parcels, "Parcel 3" and "Parcel 5" (collectively, the "Morris property"). At the time of conveyance, Parcel 3 comprised the west side of the Morris property and Parcel 5 comprised the east side. The 1998 deed incorporated a land survey showing the two parcels. As reflected in the survey, a right of way named "Flurry Road" borders Parcel 5 on its east side. More recent land records identify Flurry Road as "Fluridy Road." The Morrises have never used any right of way they claim to be Flurry/Fluridy Road; instead, they access the Morris property via Sanderson Road (southern border) and Foreman Road (western border).

The Parkers own two parcels of land on the other side of the platted Flurry/Fluridy Road, which they acquired in 2003 (collectively, the "Parker property"). The two parcels are depicted as "Tract D" and "Tract E" on a plat attached to their 2003 deed.[1] The Parkers access their home via a gravel road, which they claim is depicted on the plat attached to their 2003 deed as a dotted "dirt lane" to the east of their property line and thus entirely on their property (the "gravel road").

In 2017, the Morrises re-subdivided the Morris property, eliminating Parcel 5 and creating a smaller "Parcel 5-A" that now borders Flurry/Fluridy Road as depicted on a 2017 plat.

The Morrises wanted to sell Parcel 5-A and install a driveway connecting Parcel 5-A to the gravel road, which they assert is the platted Flurry/Fluridy Road and which would provide access to a public thoroughfare to the south. When Thomas Morris discussed the proposed driveway with Anthony Parker, however, Parker objected and told Morris that he could not "use [Parker's] property." In January 2020, the Morrises filed a declaratory judgment action against the Parkers, seeking an order "confirming [the Morrises'] right . . . to use [the gravel road] to

---

[1] The Parker property stretches across a city boundary line dividing Chesapeake to the west and Virginia Beach to the east.

- 2 -

access the Morris Property" and to "enjoin the [Parkers] from interfering with or otherwise impeding that right."

After the parties exchanged discovery, the Morrises moved for summary judgment, arguing that the undisputed evidence demonstrated they had an implied easement across the gravel road and the Parkers had no basis for denying them access.[2]  Opposing the motion, the Parkers argued that the Morrises "fail[ed] to provide the [c]ourt with any reasonably accurate description of the location of the easement" and the "burden rests squarely on the [Morrises] to prove the grant or dedication of an easement, and the location and scope of that easement."  The court denied the summary judgment motion, finding inter alia "[d]isputes of material fact regarding . . . the location of the alleged easement in comparison to that of the [Parker]s' driveway."

The parties proceeded to trial.  The Morrises introduced evidence, including expert testimony from title examiner Tiffany Abramowski, showing that the Morris property and the Parker property were once owned by a common grantor, that the Morrises' deed as well as the Parkers' deed, together with other deeds and documents in their chains of title, consistently describe their respective properties by reference to a 1909 subdivision plat recorded in the clerk's office for the city of Chesapeake, and that this 1909 subdivision plat depicts the Morris property and the Parker property abutting Flurry/Fluridy Road, directly across from one another.

Abramowski testified that, consistent with the 1909 subdivision plat, the plat attached to the Parkers' 2003 deed shows that the Parker property abuts the east side of Flurry/Fluridy Road and that Flurry/Fluridy Road, as platted, is not located within the boundaries of the Parker property.  She stated that, in her expert opinion, the land records established that neither the Morrises nor the Parkers owned the platted Flurry/Fluridy Road.

---

[2] The Morrises abandoned an adverse possession claim asserted in their initial complaint.

Abramowski did not testify about the physical location of Flurry/Fluridy Road, merely its location as platted in the land records. Regarding the platted Flurry/Fluridy Road, she testified that she did not know "[w]hether it was developed or not, whether it's gravel or dirt or whatever" and "[t]here's no way to really tell exactly where it is."

The Morrises introduced a photograph of a "Fluridy Road" street sign posted at the gravel road leading to the Parkers' residence. However, Thomas Morris testified, "I don't know" when asked whether the gravel road was "in the same place" as the platted Flurry/Fluridy Road. He acknowledged that a large ditch separates the parties' properties.

The Parkers disputed that the gravel road was the same as the Flurry/Fluridy Road depicted in land records. Instead, Anthony Parker testified that the gravel road is located on the Parker property, to the east of a "pin" marking his property's western boundary. The Parkers maintained that the Flurry/Fluridy Road, as platted, is undeveloped and actually runs along the ditch separating the parties' respective properties:

> [T]here's a ditch, and that's where [Flurry/]Fluridy Road is platted. And if Mr. Morris wants to fill in that ditch and get approval from . . . the [c]ity to fill in that ditch and build himself a superhighway, he can do that, but what he can't do is come to this [c]ourt and say, "I want to drive across Mr. Parker's lane" without first establishing Mr. Parker's lane is within the right-of-way that was platted as Flurry Road. And it's not. There's no evidence to say that it does.

Counsel for the Parkers proffered, without objection, that the "Fluridy Road" street sign was yellow and thus denoted a private-property lane rather than a city street. Additionally, Parker pointed out that neither the Morrises nor their predecessors in title had ever used the purported easement and therefore any rights had been abandoned. Finally, Parker testified that he had improved the gravel road, once used primarily for hunting access, into a driveway for his residence.

- 4 -

Neither party presented testimony from a surveyor indicating whether Flurry/Fluridy Road, as platted, matches or does not match any actual, on-the-ground location. In other words, no surveyor testified for the Morrises that the platted Flurry/Fluridy Road matches the gravel road, and no surveyor testified for the Parkers that Flurry/Fluridy Road matches the ditch separating the parties' properties.[3]

After considering the evidence and post-trial briefs, the court issued a letter opinion finding that the Morrises failed to "establish an implied easement." To reach this conclusion, the court applied a three-prong test from *Russakoff v. Scruggs*, 241 Va. 135 (1991):

> While the extent of the easement rights is determined by the circumstances surrounding the conveyance which divides the single ownership, the existence of the [implied] easement is established on a showing that (1) the dominant and servient tracts originated from a common grantor, (2) the use was in existence at the time of the severance, and that (3) the use is apparent, continuous, and reasonably necessary for the enjoyment of the dominant tract.

*Id.* at 139 (alteration by trial court).

The court "[a]ssum[ed] without deciding that the first element, the presence of a common grantor, ha[d] been established." However, it found "no evidence . . . that the use was in existence at the time of the severance or that it was apparent, continuous, and reasonably necessary."

The court entered a final order incorporating its letter opinion and dismissing this matter with prejudice. This appeal followed.

---

[3] However, we note that it was the Morrises' burden to prove the location of the easement, not the Parkers' burden to disprove any claimed location. *See Mulford v. Walnut Hill Farm Grp., LLC*, 282 Va. 98, 112 (2011).

ANALYSIS

The Morrises argue the court misapplied the law of implied easements—by requiring them to prove that use of their claimed right of way was "in existence at the time of the severance" and "apparent, continuous, and reasonably necessary," under *Russakoff*. They argue that, as grantees of property conveyed with reference to a subdivision plat, they are automatically entitled to an easement in a right of way adjoining their property, pursuant to *Lindsay v. James*, 188 Va. 646 (1949), and *Ryder v. Petrea*, 243 Va. 421 (1992). We do not reach the issue of whether the Morrises were required to show prior use and necessity, however, because the Morrises failed to prove a key threshold fact: the physical location of their claimed easement.

"It is well-established that the party who claims an easement bears the burden of proving the fact." *Mulford v. Walnut Hill Farm Grp., LLC*, 282 Va. 98, 112 (2011). "Both declaration and enforcement of an easement are equitable remedies, and he who seeks such equitable relief must prove 'the facts that give rise to the easement, whether by express grant or reservation, by implication, or by other means.'" *Id.* (quoting *Brown v. Haley*, 233 Va. 210, 217 (1987)).

Here, the Morrises claim an implied easement over the gravel road, which the Parkers improved and use to access their residence, arguing that it is the Flurry/Fluridy Road depicted in the land records. However, based on our review of the record, the Morrises presented insufficient proof linking the gravel road to the platted Flurry/Fluridy Road.

The Morrises' evidence primarily consisted of deeds and plats tracing the parties' properties back to a common grantor. The deeds in the chains of title describe the properties by reference to a 1909 subdivision plat depicting Flurry/Fluridy Road, and the plats depict Flurry/Fluridy Road running between the properties. Based on these land records, the Morrises' title examiner opined that both the Morris property and Parker property abut Flurry/Fluridy Road, directly across from one another.

- 6 -

However, neither the land records nor the title examiner's testimony established that the platted Flurry/Fluridy Road corresponds to the actual gravel road over which the Morrises claim an easement. The title examiner testified that she did not know whether the platted Flurry/Fluridy Road had ever been improved or developed. Similarly, Thomas Morris himself testified he did not know whether the gravel road was "in the same place" as the platted Flurry/Fluridy Road. He acknowledged that a large ditch separates the parties' properties. The Morrises' evidence did not resolve whether this ditch, not the gravel road, aligns with the platted Flurry/Fluridy Road and would be where Flurry/Fluridy Road would exist if developed.

Other evidence in the record indicates that the gravel road is entirely on the Parker property. Specifically, Anthony Parker testified that the gravel road is the "dirt lane" on the plat attached to his 2003 deed and lies to the east of the platted Flurry/Fluridy Road; thus, it is within his property's boundary. Parker observed a boundary-marking pin in the ditch separating the parties' properties, and he testified that the gravel road was to the east of that pin and thus wholly on his property.

Although the gravel road has a street sign that reads "Fluridy Road," the Morrises offered no testimony about who posted the sign and when, or whether it signifies a city street or a lane across private property. Without objection, counsel for the Parkers proffered that the street sign denotes a private lane. Only through speculation could a fact finder conclude, based on the street sign, that the gravel road is the platted Flurry/Fluridy Road.

We note that the Morrises did not present testimony from a surveyor establishing that the gravel road corresponds to Flurry/Fluridy Road. The trial court pointed out this lack of evidence as well. Although failure to present testimony from a surveyor is not per se fatal to an implied easement claim, on this record we find that the evidentiary gap is significant and requires affirming the judgment denying the claim, albeit for a different reason.

"Under the right-result-different-reason principle, an appellate court 'do[es] not hesitate, in a proper case, where the correct conclusion has been reached but [a different] reason [is] given, to sustain the result [on an alternative] ground.'" *Laney v. Commonwealth*, 76 Va. App. 155, 162 n.3 (2022) (alterations in original) (quoting *Vandyke v. Commonwealth*, 71 Va. App. 723, 731 (2020)). Appellate courts "may uphold a judgment . . . as long as the record contains sufficient information to support the proper reason." *Haynes v. Haggerty*, 291 Va. 301, 305 (2016) (finding sufficient information in the record that a plaintiff's cause of action accrued before a new statute of limitations took effect and departing from a trial court's constitutional analysis in affirming dismissal). Here, the record contains sufficient information for us to conclude that the Morrises failed to prove that the platted Flurry/Fluridy Road corresponds to the gravel road. The bulk of their evidence was introduced to trace the parties' properties to a common grantor and to identify a platted right of way, but nothing sufficiently linked the platted right of way to an actual location and therefore could not support a decision granting access thereto. *See Eagle Lodge, Inc. v. Hofmeyer*, 193 Va. 864, 877 (1952) ("In Virginia and elsewhere generally it may be said that the law is jealous of a claim to an easement, and the burden is on the party asserting such a claim to prove its elements clearly.").

Because the Morrises failed to prove the location of their claimed easement, we need not address whether the court erred by requiring them to establish necessity and prior use. "We have an 'obligation to decide cases on the best and narrowest grounds available.'" *Theologis v. Weiler*, 76 Va. App. 596, 603 (2023) (quoting *Esposito v. Va. State Police*, 74 Va. App. 130, 134 (2022)). "The 'best' answer to a legal question is" the answer with which "the greatest number of jurists would agree." *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020). "The 'narrowest' answer to a legal question is the one affecting the [fewest] number of cases." *Id.* In this case, rather than adjudicate the proper framework for assessing the Morrises' implied easement claim, we hold that

the "best" and "narrowest" ground is that the Morrises failed to prove the location of the claimed easement.

Finally, although the court did not expressly determine whether the Morrises proved the easement's location, we decline to remand for further factfinding. In denying the Morrises' summary judgment motion, the court found disputes of material fact regarding the "location of the alleged easement in comparison to that of the [Parker]s' driveway." This ruling put the Morrises on notice that at trial they would have the burden to prove the easement's location in relation to the gravel road. Based on our review of the record, they failed to carry that burden.[4] The parties' litigation of this issue below—although not essential to the application of the right-result-different-reason doctrine—developed an adequate foundation for the Court to affirm on this basis. *See Perry v. Commonwealth*, 280 Va. 572, 580 (2010); *Haynes*, 291 Va. at 305.

## CONCLUSION

For these reasons, we affirm the judgment denying the Morrises' claim for an implied easement over the gravel road.

*Affirmed.*

---

[4] Our ruling does not preclude the Morrises from instituting an action alleging an easement over a different location that might correspond to the platted Flurry/Fluridy Road. *See Anderson v. Delore*, 278 Va. 251, 259 (2009) (noting that the holding was limited to a particular issue and did not preclude a future request for relief other than "the subject of th[e present] litigation").