PRESENT: Lemons, C.J., Mims, McClanahan, Powell, Kelsey, and Roush, JJ., and Millette, S.J.

DEILIA BUTLER

v. Record No. 150150

OPINION BY
JUSTICE WILLIAM C. MIMS
December 17, 2015

FAIRFAX COUNTY SCHOOL BOARD

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

In this appeal, we consider whether Code § 22.1-296.1 prohibits a school board from hiring an applicant for employment who has been previously convicted of a felony.

I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

In 1992, Deilia Butler was convicted of a felony drug offense. In 2000, she was licensed to teach by the Virginia Board of Education. In July 2006, she applied to the Fairfax County School Board ("the Board") for a teaching position. She truthfully disclosed her prior conviction on her application. In August 2006, the Board hired her as a special education teacher. She received a continuing contract in August 2007.

In 2012, an investigator informed the school system's Assistant Superintendent for Human Resources of Butler's prior conviction. The assistant superintendent determined that under Code § 22.1-296.1(A),[1] Butler's conviction made her ineligible for employment by the

_____

[1] The statute provides that:
As a condition of employment for all of its public school employees, whether full-time or part-time, permanent, or temporary, every school board shall require on its application for employment certification (i) that the applicant has not been convicted of a felony or any offense involving the sexual molestation, physical or sexual abuse or rape of a child; and (ii) whether the applicant has been convicted of a crime of moral turpitude. Any person making a materially false statement regarding any such offense shall be guilty of a Class 1 misdemeanor and upon conviction, the fact of said conviction shall be grounds for the Board of Education to revoke such person's license to teach.
Code § 22.1-296.1(A).

Board and her 2006 hiring had been in error. The assistant superintendent informed the superintendent, who notified Butler that he would recommend that the Board dismiss her.

The Board thereafter conducted a hearing. The superintendent argued that under Code § 22.1-296.1(A), the Board had no authority to hire Butler in 2006 and her continuing contract was therefore void. Butler disputed the superintendent's interpretation of Code § 22.1-296.1(A) and suggested that the Board commence a declaratory judgment action to ascertain whether the statute prohibited her hiring.

The Board thereafter filed a complaint in the circuit court seeking a declaratory judgment that Code § 22.1-296.1(A) made Butler ineligible for hire. Butler filed a counterclaim seeking a declaratory judgment that the statute did not make her ineligible. The parties stipulated facts and filed cross-motions for summary judgment. After a hearing, the court entered a final order declaring that the Board lacked authority to hire Butler under Code § 22.1-296.1(A).

We awarded Butler this appeal.

## II. ANALYSIS

In her first assignment of error, Butler asserts that the circuit court erred by ruling that Code § 22.1-296.1(A) made her ineligible to be hired. She argues that the plain language of the statute simply requires applicants to disclose their criminal history. We disagree.

We review questions of statutory interpretation de novo. Payne v. Fairfax Cty. Sch. Bd., 288 Va. 432, 435, 764 S.E.2d 40, 42 (2014). "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Id. at 436, 764 S.E.2d at 43 (internal quotation marks and citations omitted).

2

A statute is ambiguous if the text can be understood in more than one way or refers to two or more things simultaneously[,] or when the language is difficult to comprehend, is of doubtful import, or lacks clearness or definiteness. An absurd result describes situations in which the law would be internally inconsistent or otherwise incapable of operation.

Covel v. Town of Vienna, 280 Va. 151, 158, 694 S.E.2d 609, 614 (2010) (internal quotation marks and citations omitted).

Code § 22.1-296.1(A) is not ambiguous. The plain meaning of its language is that an applicant for employment by a school board must certify, as a condition of such employment, that he or she has not been convicted of a felony. A felon cannot make such a certification. Consequently, felons cannot fulfill this statutory condition precedent to employment and school boards lack authority to hire them. This is not an absurd result, so we must give effect to the General Assembly's intention.[2]

Butler argues that if Code § 22.1-296.1(A) is unambiguous, it does not disqualify all felons but only those convicted of felonies "involving the sexual molestation, physical or sexual abuse or rape of a child." However, that construction contravenes the rule of the last antecedent. "Under that rule, referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence." Newberry Station Homeowners Ass'n v. Board of Supervisors, 285 Va. 604, 615, 740 S.E.2d 548, 554 (2013) (internal quotation marks and alteration omitted).

Applying the rule to Code § 22.1-296.1(A), we conclude that the phrase "involving the sexual molestation, physical or sexual abuse or rape of a child" refers solely to the word

---

[2] Butler and the Board each offer an account of the statute's legislative history to support their respective positions. However, we need not, and may not, consider these accounts because "when an enactment is unambiguous, extrinsic legislative history may not be used to create an ambiguity, and then remove it, where none otherwise exists." Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).

"offense," to the exclusion of the preceding word "felony." Accordingly, the disjunctive use of the words "felony or any offense" means the statutory disqualification applies upon conviction of any felony.

Butler next raises three points to argue that the statute is ambiguous. First, she argues that Code § 22.1-296.1 is "titled" "Data on convictions for certain crimes and child abuse and neglect required; penalty." She contends that this "title" is part of the statute and must be given effect. Because she conflates the title of a statute with the headline or caption of a Code section, we disagree.

The word "statute" has two meanings. In the strictest sense, the word refers to an entire bill once it has been enacted into law as an Act of Assembly, which may subsequently be divided into many sections when codified. Black's Law Dictionary 639 (10th ed. 2014) (defining statute as synonymous with "act"). In its more colloquial sense, the word may be used to refer to an individual codified section rather than the entire enactment of which it was a part.

The title of a statute, in the sense of an entire, individual bill after its enactment into law, is routinely considered as a statement of the statute's purpose. County Bd. of Supervisors v. American Trailer Co., 193 Va. 72, 75, 68 S.E.2d 115, 118 (1951) ("The title of the act . . . states its purpose."); see also, e.g., Williamson v. Old Brogue, Inc., 232 Va. 350, 355, 350 S.E.2d 621, 624 (1986) (considering the title in this way). Further, courts are required to consider the title when called upon to decide whether an enactment violates the single object rule set forth in Article IV, § 12 of the Constitution of Virginia. See Marshall v. Northern Va. Transp. Auth., 275 Va. 419, 429-30, 657 S.E.2d 71, 76 (2008). By contrast, the headline of a Code section is not part of the statutory language and does not have the force of law. Code § 1-217; see also Thurston Metals & Supply Co. v. Taylor, 230 Va. 475, 484, 339 S.E.2d 538, 543-44 (1986)

4

(differentiating between the title of a statute and the headline of a Code section). Accordingly, the headline of Code § 22.1-296.1(A) does not obfuscate the clear statutory language.

Second, Butler argues that our interpretation of Code § 22.1-296.1(A) is inconsistent with other statutory provisions, specifically Code §§ 22.1-296.4(B), 22.1-299, and 22.1-307(A). We again disagree.

Code § 22.1-296.4(A) requires each applicant for employment to consent to a search, by the school board to which he or she applies, of the registry of founded child abuse and neglect complaints. Code § 22.1-296.4(B) prohibits school boards from hiring any applicant for whom such a search indicates that he or she has been the subject of a founded complaint. There is no inconsistency between these provisions and Code § 22.1-296.1(A). Although Code § 22.1-296.4(B) includes the phrase "such applicant shall be denied employment," the absence of these or similar words from Code § 22.1-296.1(A) does not diminish the clarity of the latter section's language.

Code § 22.1-299 prohibits a school board from regularly employing a teacher not licensed by the Board of Education, except as a substitute. However, that section does not guarantee that every person licensed by the Board of Education is eligible to be hired as a teacher. To the contrary, by its clear terms Code § 22.1-296.1(A) applies not only to regular teachers, but all school board employees, "whether full-time or part-time, permanent, or temporary." Code §§ 22.1-296.1(A) and 22.1-299 are therefore not coextensive and the latter does not constrain the former.

Code § 22.1-307(A) permits school boards to decide whether to terminate or retain a teacher who is convicted of a felony after he or she has been hired. Although the discretion permitted by this section is absent from Code § 22.1-296.1(A), which applies only to applicants who have not yet been hired at the time of conviction, "[t]he public policy of the Commonwealth

5

is determined by the General Assembly . . . . Once the legislature has acted, the role of the judiciary is the narrow one of determining what it meant by the words it used in the statute." Uniwest Constr., Inc. v. Amtech Elevator Servs., 280 Va. 428, 440, 699 S.E.2d 223, 229 (2010) (internal quotation marks and alteration omitted).

Code § 22.1-296.1(A) clearly expresses the legislature's direction that those who have already been convicted of a felony when they apply for employment by a school board may not be hired. It is the legislature's prerogative to allow a school board to consider the service record of an employee who is subsequently convicted of a felony and to then decide whether termination is appropriate, which the General Assembly has done in Code § 22.1-307(A).

Third, Butler argues that under Code § 22.1-304(B), her continuing contract entitles her to employment "during good behavior and competent service." Because she was convicted in 1992, before she was hired in 2006 and received her continuing contract in 2007, the conviction cannot constitute a lapse in good behavior or competent service. We again disagree.

Because she was convicted in 1992, she could not fulfill the statutory condition precedent to employment in 2006 and the Board lacked authority to hire her then. It likewise lacked authority to make a continuing contract with her in 2007. The continuing contract therefore is ultra vires and void ab initio. King George County Serv. Auth. v. Presidential Serv. Co. Tier II, 267 Va. 448, 454-55, 593 S.E.2d 241, 244 (2004).

Finally, Butler also argues that if Code § 22.1-296.1(A) prohibits school boards from hiring felons, it unconstitutionally constrains the power to supervise school systems conferred on local school boards in Article VIII, § 7 of the Constitution of Virginia, and conferred on the Board of Education in Article VIII, § 4. This argument is readily dispatched. The powers of local school boards and the Board of Education are subject to regulation by the General Assembly pursuant to Article VIII, § 1.

Accordingly, we hold that Code § 22.1-296.1(A) requires, as a condition precedent to employment, that every applicant for employment by a school board must certify that he or she has not been convicted of any felony. Because an applicant who has been convicted of a felony prior to his or her application cannot fulfill this statutory condition precedent, such applicants are not eligible to be hired.

In her second assignment of error, Butler asserts that the circuit court erred because the Board should be estopped from terminating her. She argues that the contract the Board extended to her constituted a material representation that it had the authority to hire her and she relied on that representation. We disagree.

"Estoppel is an equitable principle that prevents one whose action or inaction has induced reliance by another from benefiting from a change in his position at the expense of the other." Hilfiger v. Transamerica Occidental Life Ins. Co., 256 Va. 265, 271-72, 505 S.E.2d 190, 194 (1998) (internal quotation marks omitted). "To establish a claim of equitable estoppel, without proving fraud, the complainant must show that he reasonably relied on the representations and conduct of the defendant, such that he changed his position to his detriment." Tuomala v. Regent Univ., 252 Va. 368, 375, 477 S.E.2d 501, 506 (1996).

Butler has not made the requisite showing. Even if the Board's decision to hire her was a representation on which she relied, she has not shown that any change in her position was detrimental. She has not shown, for example, that her decision to accept the Board's offer of employment in 2006, or to continue her employment since 2006, led her to forego more lucrative opportunities elsewhere.

In any event, as noted above, the Board lacked authority to make the contract and it was void ab initio. Such a contract cannot form the basis for a claim of estoppel. Richard L. Deal & Assocs. v. Commonwealth, 224 Va. 618, 623, 299 S.E.2d 346, 348-49 (1983).

## III.  CONCLUSION

For the foregoing reasons, we find no error in the circuit court's judgment.

<u>Affirmed.</u>