COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, AtLee and Raphael
Argued at Williamsburg, Virginia

**PUBLISHED**

SUSAN MARIE FOCKE, F/K/A
  SUSAN MARIE SPEARMAN

                                                          OPINION BY
v.        Record No. 0573-22-1                  JUDGE STUART A. RAPHAEL
                                                          APRIL 25, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Barry Randolph Koch (Inman & Strickler, P.L.C., on brief), for
appellant.

Melinda F. Seemar, Assistant Commonwealth's Attorney (Ramin
Fatehi, Commonwealth's Attorney, on brief), for appellee.


We consider here whether Code § 18.2-308.2(C) confers subject-matter jurisdiction on a

circuit court to adjudicate a nonresident's petition to restore firearm rights that were lost due to a

felony conviction rendered by a federal court sitting in Virginia.  Our Supreme Court held in

2013 that the statute did not confer subject-matter jurisdiction on circuit courts to consider a

petition filed by a nonresident.  *See Commonwealth v. Leone*, 286 Va. 147, 151-52 (2013).  But

the General Assembly amended the statute to confer such jurisdiction when the nonresident files

a petition in "the circuit court of any county or city where such person was last convicted of a

felony."  2015 Va. Acts ch. 200.

Because the nonresident here was convicted of a felony by a federal court sitting in

Norfolk, she filed her restoration petition in the Circuit Court for the City of Norfolk.  Yet the

trial court dismissed her petition, finding that it lacked subject-matter jurisdiction because the

conviction was not rendered by "the circuit court" in Norfolk.  Under the last-antecedent rule,

however, the phrase "where such person was last convicted of a felony" in Code § 18.2-308.2(C) modifies "county or city," not "the circuit court." Since the federal conviction was rendered by the federal court in the City of Norfolk, "where [the petitioner] was last convicted of a felony," the circuit court had subject-matter jurisdiction to consider the restoration petition.

Still, the trial court reached the correct result in concluding that it could not grant relief. Because the trial court could not remove the petitioner's disability resulting from her federal felony conviction, the court could not grant the only relief contemplated by the statute: "a restoration order that *unconditionally* authorizes possessing, transporting, or carrying a firearm" in Virginia. Code § 18.2-308.2(C) (emphasis added). We therefore reverse the trial court's ruling that it lacked jurisdiction and remand for the trial court to deny the petition on the merits.

BACKGROUND

This case involves the interplay of federal law, Virginia law, and North Carolina law governing a felon's application to restore her right to possess firearms. Appellant Susan Marie Focke was convicted in 2017 of felony bankruptcy fraud by the United States District Court for the Eastern District of Virginia, Norfolk Division. Because of her federal conviction, federal law and State law restrict her firearm rights. Focke currently resides in North Carolina and seeks to have her gun rights restored so that she can possess a firearm there.

Under federal law, a person convicted in a State or federal court of a crime punishable by imprisonment for more than one year may not "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). Focke's federal offense—bankruptcy fraud—is a crime punishable by up to five years of incarceration. *See* 18 U.S.C. § 157. Thus, federal law restricts her ability to possess a firearm.

Federal law also provides, however, that "[a] person who is prohibited from possessing . . . firearms or ammunition" may apply "to the Attorney General for relief" from that

prohibition. 18 U.S.C. § 925(c). The Attorney General may "grant such relief" upon concluding "that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." *Id.* If the Attorney General denies the application, the applicant may petition "the United States district court for the district in which he resides for a judicial review of such denial." *Id.*

But that federal avenue has long been closed because Congress has consistently prohibited using federal funds to investigate or process applications to restore firearm rights. *See United States v. Bean*, 537 U.S. 71, 74-75 (2002). That funding ban continues under current law. *See* Consolidated Appropriations Act, 2022, Pub. L. No. 117-103, 136 Stat. 49, 118-19 (2022).

The law of North Carolina, where Focke lives, also prohibits a person convicted of a felony in any court from possessing a firearm. *See* N.C. Gen. Stat. § 14-415.1(a)-(b). When a North Carolina resident like Focke has been convicted of "a single nonviolent felony" and has had her citizenship rights restored, the resident may petition a North Carolina court to restore her firearm rights as well. *See* N.C. Gen. Stat. § 14-415.4(b)-(c). The petitioner must show that "(i) . . . at least 20 years has passed since the unconditional discharge . . . by the agency having jurisdiction where the conviction occurred, and (ii) the person's . . . right to possess a firearm [has] been restored, pursuant to the law of the jurisdiction where the conviction occurred." *Id.* § 14-415.4(c).

Reading that code section to require her to have her gun rights restored first in Virginia— "the jurisdiction where the conviction occurred," *id.*—Focke filed her rights-restoration petition

in the Circuit Court for the City of Norfolk.[1]  Restoration of firearm rights in Virginia is governed by Code § 18.2-308.2(C).

Like the federal government and North Carolina, Virginia also prohibits a person from possessing a firearm if that person was convicted of a felony under Virginia law, the law of another State, or federal law.  Code § 18.2-308.2(A).  The Virginia statute, however, allows a petition to restore firearm rights if the person's "civil rights" have first been restored by the Governor.  *See* Code § 18.2-308.2(C); Va. Const. art. II, § 1.  Governor Ralph S. Northam restored Focke's civil rights in Virginia in September 2021.

Code § 18.2-308.2 used to prevent nonresidents like Focke from applying to have their Virginia gun rights restored.  The statute said that the petitioner had to file in "the circuit court of the jurisdiction *in which he resides*."  *Leone*, 286 Va. at 150 (emphasis added) (quoting then-Code § 18.2-308.2(C)).  Applying that language, *Leone* held that a person who did not reside in Virginia Beach could not file a rights-restoration petition in the Circuit Court for the City of Virginia Beach.  *Id.* at 151.  But the General Assembly amended the statute in 2015 to extend the rights-restoration procedure to nonresidents as well.  *See* 2015 Va. Acts ch. 200.

The jurisdictional question here turns on the language of that 2015 amendment.  The amendment provided that a person seeking to restore his gun rights "may petition the circuit court of the jurisdiction in which he resides *or, if the person is not a resident of the Commonwealth, the circuit court of any county or city where such person was last convicted of a*

---

[1] The Commonwealth's Attorney here does not dispute Focke's claim that the North Carolina statute makes her eligible to have her gun rights restored, so we express no opinion about whether Focke's reading of North Carolina law is correct.  *Cf. In re Richard Jones*, No. COA22-392, 2022 WL 17815605, at *2 (N.C. Ct. App. Dec. 20, 2022) (unpublished) ("North Carolina state law regarding restoration of an individual's firearm rights is inapplicable to a felon convicted in federal court. . . .  [B]ecause Petitioner has not had his federal firearm rights restored, he cannot have his firearm rights restored in North Carolina based on the requirements of N.C. Gen. Stat. § 14-415.4(c).").

*felony.*"  *Id.* (codified at Code § 18.2-308.2(C)).  When Focke filed her petition below, the Commonwealth conceded that she had "good cause" to have her gun rights restored but moved to dismiss the petition for lack of jurisdiction.  Since Focke was convicted in federal court, the Commonwealth said, she failed to file her petition in the "circuit court" where she "was last convicted of a felony."

Following a hearing *ore tenus*, the trial court agreed with Focke that she had shown "good cause" to have her firearm rights restored, but it agreed with the Commonwealth that the court lacked subject-matter jurisdiction to consider the petition.  The court rejected Focke's argument that she could file her petition in "the Norfolk Circuit Court" simply because that court was located "in the same city as the Norfolk federal court."  Focke noted a timely appeal.

ANALYSIS

Whether Code § 18.2-308.2(C) conferred subject-matter jurisdiction on the trial court to consider Focke's petition is a different question from whether that code section empowered the trial court to restore her firearm rights given her federal felony conviction.  We must avoid "conflating the jurisdictional question with the merits."  *NAACP (Hanover Cnty.) v. Commonwealth ex rel. Va. State Water Control Bd.*, 74 Va. App. 702, 711 (2022).  Both issues involve pure questions of statutory interpretation that we review de novo.  *Leone*, 286 Va. at 150.

The jurisdictional question is easily resolved by the last-antecedent rule: "[a]bsent a contrary intent, a qualifying word or phrase should be read as modifying only the last noun or phrase that immediately precedes it, i.e., the last antecedent."  *Coffman v. Commonwealth*, 67 Va. App. 163, 168-69 (2017).  "The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence."  *Va. Educ. Ass'n v. Davison*, 294 Va. 109, 120 (2017) (quoting *Butler v. Fairfax Cnty. Sch. Bd.*, 291 Va. 32, 37 (2015)).

A nonresident's petition to restore gun rights must be filed in "the circuit court of any county or city where such person was last convicted of a felony." Code § 18.2-308.2(C). The Commonwealth's Attorney and the trial court both misconstrued that language to conclude that the petition must be filed in "the circuit court" where the person was last convicted of a felony. That interpretation ignores the last antecedent in the clause: the circuit court "of any county or city" where the person was last convicted. *Id.* The reference in Code § 18.2-308.2(C) to "where such person was last convicted of a felony" modifies the "county or city" where the person was convicted, not "the circuit court" where the conviction was rendered. Because Focke was convicted by the federal district court sitting in Norfolk, the Circuit Court for the City of Norfolk is the circuit court of the city where she was last convicted. The circuit court here thus had subject-matter jurisdiction to consider her rights-restoration petition.

Since the trial court had jurisdiction to consider Focke's petition, could it grant the relief she requested? As a matter of law, the answer is no. Federal law is clear that State courts cannot remove the federal disability to possess a firearm that results from a *federal* felony conviction. *See Beecham v. United States*, 511 U.S. 368, 374 (1994) (holding that persons convicted of federal felonies may have their firearm rights restored "only if they have had their civil rights restored under federal law"). Thus, federal law would render ineffective a State court's attempt to restore a federal felon's federal firearm rights.

In light of Focke's federal firearms disability, then, the plain language of Virginia's statute did not authorize the circuit court to grant the only relief available under the statute: "a restoration order that *unconditionally* authorizes possessing, transporting, or carrying a firearm, ammunition for a firearm, or a stun weapon." Code § 18.2-308.2(C) (emphasis added). The term "unconditional" means "[n]ot limited by a condition; not depending on an uncertain event or contingency." *Unconditional*, *Black's Law Dictionary* (11th ed. 2019). Because Focke's

- 6 -

federal felony conviction prevents her from "possess[ing] in or affecting commerce, any firearm or ammunition," 18 U.S.C. § 922(g)(1), the trial court could not "unconditionally" authorize her to possess a gun in Virginia.[2]

In its argument in the trial court and here, the Commonwealth touched on the trial court's inability to grant an "unconditional" order restoring Focke's gun rights, though it elided that problem with the trial court's subject-matter jurisdiction to even consider the request. As the Commonwealth framed the argument, "it strains credulity to believe that the Virginia State Legislature intended [the trial court] to take *jurisdiction* of federal felonies and make a determination of whether gun rights should be restored *unconditionally* to individuals who have no nexus to our court but instead have been found guilty of a federal felony." (Emphasis added). The problem here was not jurisdictional. But the Commonwealth was correct that the trial court could not grant the "unconditional" restoration order contemplated by the statute.

In short, the trial court was right to reject Focke's petition, but not because the court lacked subject-matter jurisdiction. Under the right-for-the-wrong-reason doctrine,[3] we conclude that Focke could not be granted an order permitting her to unconditionally possess firearms in

---

[2] The General Assembly could properly empower a trial court to restore a petitioner's *Virginia* gun rights independently from removing the petitioner's *federal* firearm disability that results from a federal felony conviction. But the statute speaks of a restoration order that "unconditionally authorizes" possessing firearms and ammunition, Code § 18.2-308.2(C), not "unconditionally" restoring the petitioner's Virginia gun rights. We cannot "'add[ ] language to or delet[e] language from a statute' in the guise of interpreting that statute." *Berry v. Bd. of Supervisors*, ___ Va. ___, ___ (Mar. 23, 2023) (alterations in original) (quoting *Appalachian Power Co. v. State Corp. Comm'n*, 284 Va. 695, 706 (2012))).

[3] *See, e.g.*, *Miller & Rhoads Bldg., LLC v. City of Richmond*, 292 Va. 537, 542-43 (2016) ("'This Court may uphold a judgment even when the correct reasoning is not mentioned by a party in trial argument or by the trial court in its decision, as long as the record contains sufficient information to support the proper reason.' Moreover, the right for the wrong reason doctrine is especially applicable where, as here, the question is one of pure statutory interpretation and the parties were on notice that the statutes or statutory scheme was at issue." (quoting *Haynes v. Haggerty*, 291 Va. 301, 305 (2016))).

Virginia given the firearms disability resulting from her federal felony conviction. Thus, rather than dismissing Focke's petition for lack of jurisdiction, the trial court should have denied it on the merits because the court could not grant relief under the statute.

CONCLUSION

We reverse the order dismissing the petition for lack of subject-matter jurisdiction. We remand this case with instructions to deny the petition because Focke is not entitled under Code § 18.2-308.2(C) to have her firearm rights "unconditionally" restored. The denial of her petition will be without prejudice to Focke's filing a future petition to restore her firearm rights should a change in the law afford her an avenue to obtain such relief.

*Reversed and remanded.*